### AKRON–OVERLAND TIRE CO. v. WILLYS–OVERLAND CO.

(Circuit Court of Appeals, Third Circuit. June 13, 1921.)

No. 2628.

1. **Trade-marks and trade-names and unfair competition ⊜⊐71—Tire manufacturer has business sufficiently related to automobile maker to entitle latter to prevent appropriation of name.**

   A corporation engaged in the business of retreading tires for automobiles, though not in direct competition with a manufacturer of automobiles, is engaged in a business so connected with automobiles that the public, in buying the stocks and securities, as well as the tires, of the

⊜⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tire company, might be misled by the use by the tire company of a distinctive word of the automobile company's name, so that the automobile company can restrain the use of such word, especially where it was shown that third parties had confused the tire company with the automobile company.

**2. Trade-marks and trade-names and unfair competition ⟺71—Choice of name similar to existing business is evidence of belief confusion would thereby result.**

When a corporation, with a practically unlimited field of distinctive names to choose from, chose for the name of its tires the word "Overland," which was then well known by the public in connection with a make of automobiles, when such word had no connection or association with the automobile trade, except that which the maker had given it, that fact in and of itself is evidence of the corporation's belief that its business and that of the automobile manufacturer concerned a common field, and that the adoption of the name was calculated to confuse the public mind, and enable the corporation to draw to itself the good will established by automobile manufacturer.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Suit by the Willys-Overland Company against the Akron-Overland Tire Company to restrain the use by defendant of the name "Overland" in the transaction of its business. From a decree granting a preliminary injunction (268 Fed. 151), defendant appeals. Affirmed.

John R. Nicholson, of Wilmington, Del. (Warren H. Small, of New York City, of counsel), for appellant.

Robert G. Thach, of New York City, and Andrew C. Gray, of Wilmington, Del., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case, the court below, on hearing, being of opinion, as recited in its decree, "that the use of the word 'Overland' by the defendant in its name, in the transaction of its business and in the threatened sale of its stock and securities, is calculated to lead the public to believe that the goods, stocks, and securities of the defendant are the goods, stocks, and securities of the complainant, and that thereby the complainant is irreparably injured," and the complainant having given an adequate indemnity bond, issued a preliminary injunction enjoining the defendant from using the word "Overland" pending the further order of the court. The facts of the case and the reasons and adjudged cases in support of the court's action, are set forth in its opinion printed in 268 Fed. 151.

[1] A study of the record shows that in the grant of a preliminary injunction there was no abuse by the court of the discretionary power vested in it upon such a showing of facts and circumstances as is there disclosed. We note the earnest contention of defendant's counsel that the case was one where there could be no unfair competition on the part of the defendant, because the defendant was not in business competition where the parties were not in competition in the same kind of business. In view of this contention we deem it proper to say the

matter has had our serious consideration, and we find no ground to convict the court below of error, either in its use of authorities or in other regards; for, while it may be conceded that the plaintiff company manufactures automobiles and the defendant does not, and while the plaintiff does not make or sell automobile tires, and the defendant retreads and sells tires, and in exact terms the two do not compete in these particular things, yet the fact remains that the business of both is so connected with automobiles that the public, in buying the stocks, securities, and retread tires of the defendant company, by the use of the word "Overland" in connection therewith, will, by such descriptive word, be led to believe it is buying property or articles owned or dealt in by the plaintiff or one of its subsidiary companies. That the plaintiffs had in the word "Overland" a good will of high reputation and great value in connection with automobiles cannot be gainsaid. That the defendants' use of the word "Overland," in connection with the sale of its retread tires and its stocks and securities, would enable it to share in the plaintiff's good will and reputation, also cannot be gainsaid. That such use of the word "Overland" by the defendant would breed confusion and misunderstanding in the minds of the public is foreshadowed by what did happen in the way of third parties confusing and connecting the defendant and its acts with the plaintiff company, and even holding the plaintiff accountable for such acts. Indeed, it is manifest that under the facts of this case the maintenance by the plaintiff of the good will attributed to Overland business and products would, in the future, be determined, not alone by what the plaintiff did to uphold the standard of that good will, but by what the defendant might do by failure to uphold such reputation and maintain such good will.

[2] Moreover, with a practically unlimited field of distinctive names open to it for choice, when the defendant lately entered the automobile industry, the fact that it chose to take a name that had no connection or association with the automobile trade, except the good will and association which the plaintiff had given it, shows conclusively that the name was given to this new venture in the automobile field because of its established high regard in that industry, which had been given it by the plaintiff. We are not misled by suggestions that the name "Overland" had significance from the Overland Trail and affairs of 80 years ago. But we are impressed by the fact that at the present time, and for some years past, the word "Overland" has been closely associated in the public mind, with the plaintiff company's automobile business. Under such conditions, the taking of the name Overland by the defendant, when it went into the automobile business, and its using that name in connection with its automobile business, in and of itself evidences the belief of the defendant that its business and the plaintiff's business concern a common field of business endeavor, and that the public would recognize, by the use of the word "Overland," that the business of both concerned the automobile business.

It will thus be seen that the business of both companies, because they both concerned some phase of automobile activity, were interrelat-

ed, and that since the operations of the plaintiff company in that field were known to, and described by, the public by the business or trade-name of "Overland," it necessarily followed that, when the defendant company sought to also describe its ventures by the trade-name "Overland," it was calculated to confuse the public mind and enabled the defendant to draw to itself, and to draw from the plaintiff, the exclusive trade-name and trade good will which the plaintiff, by a business course of years, had given to the word "Overland" in connection with the automobile industry. Such being the fact, it follows that both the English and American authorities justify the court below in its action, for in fact there was substantial and material competition between these parties.

Taking the case on the whole, we find no abuse of discretion on the part of the court below in the grant of its injunction.