## JACOB RUPPERT v. KNICKERBOCKER FOOD SPECIALTY CO., Inc.

(District Court, E. D. New York. October 17, 1923.)

1. Trade-marks and trade-names and unfair competition ⊂⇒61—Use of another's trade-mark under circumstances calculated to deceive public held infringement.

Where complainant used and registered the name "Knickerbocker" and a picture of Father Knickerbocker as trade-marks for beer, and later near beer, sold in interstate commerce, and also made and sold a malt syrup, but without using the trade-marks thereon, the use by defendant, with knowledge of such facts, of the name and picture on cans of malt syrup sold by it, held an infringement.

2. Trade-marks and trade-names and unfair competition ⊂⇒4, 31—Trade-mark for near beer held to extend to malt syrup.

The name "Knickerbocker" and the picture of Father Knickerbocker, held subject to appropriation as trade-marks for beer and near beer, and, where they had long been used and advertised by complainant in connection with its products held to extend to malt syrup made by it as a reasonable and proper extension of its business.

3. Trade-marks and trade-names and unfair competition ⊂⇒30—Use by purchaser on repacked product held infringement.

A purchaser in bulk of malt syrup, a product which is liable to deteriorate when exposed to air, who puts it up in cans for marketing, is not entitled to use the trade-mark of the manufacturer on such cans.

4. Trade-marks and trade-names and unfair competition ⊂⇒58—Change of coloring of labels held not to avoid infringement.

Where a name and picture constitute the essential features of complainant's trade-mark, the fact that labels on which they were used by defendant are of different color from those used by complainant held not to avoid infringement.

5. Trade-marks and trade-names and unfair competition ⊂⇒59(4)—Use of corporate name on labels held infringement of complainant's trade-mark.

Where defendant is chargeable with infringement for using complainant's trade-mark "Knickerbocker" on cans containing malt syrup, which it does not manufacture, it will also be enjoined from using its corporate name, containing the word "Knickerbocker," on such cans.

In Equity. Suit by Jacob Ruppert, a corporation, against the Knickerbocker Food Specialty Company, Inc. Decree for complainant.

C. P. Goepel, of New York City, for plaintiff.

Watson, Kristeller & Swift, of New York City (Robert S. Kristeller, of New York City, of counsel), for defendant.

CAMPBELL, District Judge. This is an action on an alleged infringement of a trade-mark and trade-name. The plaintiff and its predecessor have been using the name "Knickerbocker" as a trade-

mark for beer from 1905 until December, 1918, and as a trade-mark for near beer from 1918 to date.

[1] Plaintiff and its predecessor used this trade-mark on beer in interstate commerce, and on August 7, 1906, plaintiff's predecessor duly registered his said trade-mark for beer in the United States Patent Office, under No. 55,161, and the same was duly assigned to plaintiff on March 25, 1914, and the said assignment duly recorded in the Patent Office. Plaintiff used this trade-mark on near beer in interstate commerce from December, 1918, to date, and on January 6, 1920, registered its said trade-mark for near beer in the United States Patent Office under No. 128,507.

Plaintiff also has been using the picture of Father Knickerbocker, which is the equivalent of the word, in interstate commerce, and on April 2, 1912, duly registered its said trade-mark in the United States Patent Office under No. 86,002. The plaintiff has expended large sums in advertising "Knickerbocker" beer and "Knickerbocker" beverages, and its product is generally distributed in the vicinity of defendant's place of business. The defendant knew of the plaintiff's trade-marks.

The plaintiff also makes and sells a malt syrup in cans and in bulk, but has not been using thereon the said trade-marks. The defendant has not been engaging in the sale of near beer, but has been selling in interstate commerce malt syrup in cans which are labeled "Knickerbocker" and contain the picture of Father Knickerbocker.

Whether near beer be or be not a malt product, the ordinary man believes it to be one, because the word "malt" is generally associated with beer and near beer, and the words "malt syrup" suggest to him a by-product of beer or near beer, and the use of the word "Knickerbocker" and the picture of Father Knickerbocker in connection therewith would naturally lead him to believe that it was one of the plaintiff's products, and thus deceive him.

This seems to me to be so obvious as not to require the citation of any authority in its support, but the substantial identity of goods has been before the courts in many cases, and I will only cite Church & Dwight Co. v. Russ (C. C.) 99 Fed. 276, in which Judge Baker says:

"Goods are in the same class whenever the use of a given trade-mark or symbol on both would enable an unscrupulous dealer readily to palm off on the unsuspecting purchaser the goods of the infringer as the goods made by the owner of the trade-mark, or with his authority and consent."

Defendant claims that the product sold by him is used for baking purposes, and that he first used the name "Knickerbocker" on malt syrups. This claim, however, loses what little force it might have had when you consider that the product dealt in by the defendant is essentially a nondiastatic extract, and has more of a malty flavor than a diastatic extract, which latter is used for baking.

[2] Defendant contends that the word "Knickerbocker" and the picture of Father Knickerbocker are in such common use in the city and state of New York as not to indicate any particular excellence of the article so marked, and that it is so universally and generally known, both as a trade designation and business name, that it cannot be appropriat-

ed by any one individual business. In this I think that the defendant errs, because, whatever use may have been made of the name and picture in any other line, in the beer or near beer business it has, as the result of its long use and liberal expenditure of money by the plaintiff for advertising, come to be associated with products of that character produced by the plaintiff, and in that particular line to identify the plaintiff's product.

The word "Knickerbocker" and the picture of Father Knickerbocker, standing by themselves, have no significance other than as representing New York, and they have not been used in registering trade-marks other than by plaintiff and plaintiff's predecessor, save in two instances —one in 1892, for bitters, which is not a malt product, the person who registered the same being dead, and there being no evidence that he ever used the said trade-mark; the other in 1892, for beer, the corporation which registered the same having abandoned said trade-mark, and a certificate of such abandonment having been filed in the Patent Office before the first trade-mark of the plaintiff's predecessor was registered in the Patent Office in 1906.

Pabst Brewing Co. v. Decatur Brewing Co. (C. C. A.) 284 Fed. 110, cited by the defendant, is not an authority in the instant case, but clearly distinguishable from it. The manufacture of malt syrup by the plaintiff is a reasonable and proper extension of its business as a manufacturer of near beer, and the trade-marks which it uses on its near beer extend to its malt syrup. Anheuser-Busch, Inc., v. Budweiser Malt Products Corporation (D. C.) 287 Fed. 243.

Defendant does not manufacture the product it sells, and has bought some of its product from the plaintiff in bulk; but this does not aid the defendant in the instant case, because it has also bought from three others, and has labeled the product sold by it indiscriminately with the "Knickerbocker" label. Defendant has also bought plaintiff's product in cans, and has labeled it indiscriminately with the five different labels it uses.

It is apparent that the rights of the plaintiff are infringed by the action of the defendant, as products which are not the products of the plaintiff are being marketed under its trade-name and trade-mark, in a manner calculated to deceive the public and injure the plaintiff, and plaintiff is not bound to show that the products so sold are inferior to the products produced by it.

[3] The plaintiff is further injured, even if the labels containing its trade-name and trade-mark are applied only to the malt product bought from it in bulk and canned by the defendant, because plaintiff has a right to have sold under its trade-name and trade-mark only the product which it produces, and in the original packages in which it produces the same, because a malt product, when exposed to the air, is liable to deterioration. Coty v. Prestonettes, Inc. (C. C. A.) 285 Fed. 501.

The use by the defendant of the name and picture used by the plaintiff as its trade-mark was, in my opinion, for the purpose of gaining the advantage of the plaintiff's reputation and advertising, and thus increasing the defendant's sales, because, if no advantage was to be

gained by the use of the name and mark which the defendant knew the plaintiff used, why did not the defendant use a name distinct from that used by the plaintiff? In my opinion, the taking by the defendant of the name and picture used by the plaintiff as its trade-mark was unlawful.

Defendant claims to have purchased from three others malt syrup labeled "Knickerbocker"; but none of these purchases were made more than one year since, and all were after defendant had commencd to use the said name and picture. They therefore do not avail the defendant as an excuse for his action, but, imitation being the highest form of flattery, they only go to prove the value of the plaintiff's trade-mark in selling products of this character.

[4] Defendant also made a point of the fact that the color of the label used by it differed from the color of the label used by the plaintiff; but this does not seem to me to be of much importance, because it is the use of the name and picture which constitute the plaintiff's trade-mark, which is calculated to deceive, and not the color of the label or the arrangement of the printing thereon.

[5] To restrain the defendant from using the trade-name and trade-mark of the plaintiff on malt syrup, and still allow it to use the name of "Knickerbocker Food Specialty Company" in advertising on the labels on malt syrup, would lead to an absurdity, because it is the use of the name "Knickerbocker," either with or without the picture, on a malt product, that tends to deceive, and I cannot believe that either plaintiff or the public would be protected against such deception, unless the use of the corporate name of the defendant, as aforesaid, was also restrained.

Defendant claims that plaintiff is estopped from asking that the use of defendant's corporate name, in connection with the sale of malt syrup, be enjoined, because plaintiff had sold it some of its product and billed it by that name; but this does not seem to me to be in accord with the law, because it nowhere appears that plaintiff at the time knew that the defendant was using plaintiff's trade-name and trade-mark, and that, since such use of such trade-name and trade-mark by the defendant, protection can be given to plaintiff and the public only by enjoining the use of the defendant's corporate name in connection with the sale of malt syrup.

In my opinion the selection of its corporate name by the defendant was an attempt to benefit by plaintiff's reputation and advertising, and its use should not be permitted. I therefore find that the plaintiff is entitled to a decree against the defendant as prayed for in the bill of complaint, except that the defendant shall pay the amount of damages as the same shall be found, and not trebled, and the usual order for an accounting will issue.

Settle decree on notice.