## WM. A. ROGERS, Limited, v. MAJESTIC PRODUCTS CORPORATION.

District Court, D. Delaware. December 6, 1927.

No. 624.

1. **Trade-marks and trade-names and unfair competition** ⓒ⇒61—**Use of complainant's trade-mark for silverware by defendant for silver polish, which both parties made, held infringements.**

Complainant, a large manufacturer of silver plated ware, for which it used and registered the word "Heirloom" as a trade-mark, and also of silver polish, *held* entitled to an injunction to restrain use by defendant of the name "heirlooms" for its silver polish.

2. **Trade-marks and trade-names and unfair competition** ⓒ⇒61—**Use of another's trade-mark to constitute unfair competition need not be on same kind of goods.**

To constitute unfair competition by use of another's trade-mark, it need not necessarily be used on the same kind of goods, but it is sufficient if so used that the goods of one party will probably be accepted by the purchasing public as those of another.

In Equity. Suit by Wm. A. Rogers, Limited, against the Majestic Products Corporation. Decree for complainant.

David A. Woodcock (of Duell, Dunn & Anderson) of New York City, and Charles F. Curley, of Wilmington, Del., for plaintiff.

Cyrus N. Anderson, of Philadelphia, Pa., and William T. Lynam, of Wilmington, Del., for defendant.

MORRIS, District Judge. Wm. A. Rogers, Limited, is a manufacturer of silver plated ware and silver polish. For the former it adopted the trade-mark "Heirloom." In 1915 it began marking its silver plated ware thus: ⊡Heirloom╳Plate⊡ In 1917 it registered the mark "Heirloom" for silver plated flat and hollow ware and cutlery. It has spent more than $500,000 in advertising matter in which "Heirloom" has been featured. Since 1921 the proceeds of sale of "Heirloom" plate have exceeded $1,000,000.

[1] Majestic Products Corporation, a manufacturer of silver polish, began in 1926 to mark its product "Heirlooms." This use of "Heirlooms" the plaintiff asserts to be an infringement of its trade-mark and unfair competition, and prays for injunctive relief.

The defendant seeks to justify its use of "Heirlooms" by the fact that the plaintiff has designated its silver polish, not by the word "Heirloom," but by the words "Niagara Cream Paste," accompanied by a pictorial representation of Niagara Falls. It asserts, moreover, that its silver polish and plaintiff's silver plated ware are wholly dissimilar, unrelated in character, and of entirely different and distinct descriptive properties. It further contends that in the sale of its silver polish under the trade-mark "Heirlooms" there can be no competition with plaintiff in its sale of silver plated or other metal ware, and, consequently, there can be no unfair competition or interference with plaintiff's business.

In support of its contention that the descriptive properties of the two products are distinctly dissimilar, it points out that its product is an abrasive detergent or polishing material falling within No. 4, while plaintiff's product is embraced within No. 28— jewelry and precious metal ware—of the classes into which merchandise has been divided by the Patent Office. It adds that in the Tariff Act of 1922 (Comp. St. § 5841a et seq.) these articles are differently classified and differently taxed. These differences, it believes, bring it within the principle enunciated in Beech-Nut Packing Co. v. P. Lorillard Co., 7 F.(2d) 967 (C. C. A. 3), and like cases.

[2] As I view the matter plaintiff's use of the mark "Niagara Cream Paste" upon its

silver polish, if pertinent at all, is not controlling. Nor is the fact that silver plate and silver polish have different descriptive properties, and do not, enter into competition decisive of the issue. That branch of the law to which has been given the name "unfair competition" has not developed along rigid or narrow lines. It affords relief wherever, by reason of an unjustifiable act, the goods of one party to the suit will probably be accepted by the purchasing public as the goods of another, for by such act the good will of the latter is put, to the latter's injury, at the mercy of the former.

The goods capable of being so passed off are not limited to those that are identical or even to those that have the same descriptive properties. Many articles, quite dissimilar in their appearance, properties, and use, may nevertheless bear such relation to each other and be so associated in the mind of the public that confusion and deception touching their respective origins will follow as a natural consequence, if their dress or marks are similar. Akron-Overland Tire Co. v. Willys-Overland Co., 273 F. 674 (C. C. A. 3); Aunt Jemima Mills Co. v. Rigney & Co. (C. C. A. 2) 247 F. 407, L. R. A. 1918C, 1039; Vogue Co. v. Thompson-Hudson Co., 300 F. 509 (C. C. A. 6); Wall v. Rolls-Royce of America (C. C. A.) 4 F.(2d) 333; Rosenberg Bros. & Co. v. Elliott, 7 F.(2d) 962 (C. C. A. 3). Silver polish bears such relation to silver and is so associated with it that substantial identity of marks would inevitably, I think, create in the minds of the ordinary purchasers of the polish an impression that the origin of the two articles is identical.

Defendant's use of "Heirlooms" on silver polish must be enjoined.