**YALE ELECTRIC CORPORATION v. ROBERTSON, Commissioner of Patents, et al.**

Circuit Court of Appeals, Second Circuit.

June 11, 1928.

No. 305.

**I. Trade-marks and trade-names and unfair competition ⬅100—Appellate court accepts findings of Patent Office on issue of confusion from use of trade-mark, unless evidence to contrary is altogether convincing.**

On appeal from decree dismissing bill in equity to compel registration of a trade-mark, and granting an injunction against use of defendant's trade-mark, Circuit Court of Appeals was required to accept findings of Patent Office that use of controverted trade-mark on plaintiff's goods was confusing to defendant's buyers, on such issue of fact, unless the evidence to the contrary was altogether convincing, where the new evidence was not of a kind to change the result.

**2. Trade-marks and trade-names and unfair competition ⬅43—Registration by manufacturer of flash-lights and batteries of word "Yale" as trade-mark held properly refused (Trade-Mark Act, § 9 [15 USCA § 89]).**

Manufacturer of electric flash-light torches and batteries, adopting as trade-mark the word "Yale" in an ellipse, in turn surrounded by an irregular octagon, held not entitled to registration thereof, on bill filed under Trade-Mark Act, § 9 (15 USCA § 89), in view of prior user of the word "Yale" by defendant corporation on many sorts of hardware, especially on locks and keys, but not on electric flash-lights and batteries.

**3. Trade-marks and trade-names and unfair competition ⬅68(1)—Merchant may not divert customers from another by representing what he sells as emanating from latter.**

One merchant may not divert customers from another by representing what he sells as emanating from the second.

**4. Trade-marks and trade-names and unfair competition ⬅86—Defense of laches held unavailable against defendant, seeking to restrain use of its trade-mark, where plaintiff proceeded in face of defendant's opposition.**

Plaintiff, seeking to compel registration of trade-mark "Yale" as applied to electric flash-light torches and their batteries, held not entitled to invoke defense of laches against defendant, seeking injunction against the use of such trade-mark, where plaintiff had gone on in face of defendant's opposition from the very outset.

**5. Trade-marks and trade-names and unfair competition ☞97—Injunction restraining use of trade-mark on any metal substance, where plaintiff had used mark only on flash-lights and batteries, held too broad.**

Injunction against use of defendant's trade-mark "Yale," which plaintiff had used on nothing but flash-lights and batteries, and which it did not intend to use further, *held* too broad, where restraint applied to "or any article which is manufactured and consists in whole or in part of metal or other hard substance," and decree will be modified by striking quoted words.

Appeal from the District Court of the United States for the District of Connecticut.

Suit by the Yale Electric Corporation against Thomas E. Robertson, Commissioner of Patents, and the Yale & Towne Manufacturing Company. Decree of District Court (21 F.(2d) 467), dismissing a bill in equity to compel registration of trade-mark, and granting an injunction on the counterclaim of the Yale & Towne Manufacturing Company against the use of its trade-mark "Yale," and complainant appeals. Modified and affirmed.

The bill was filed under section 9 of the Trade-Mark Act (15 USCA § 89), as construed in American Steel Foundries v. Robertson, 262 U. S. 209, 43 S. Ct. 541, 67 L. Ed. 953, to compel the registration of the plaintiff's trade-mark, applied to electric flash-light torches and their batteries. This consisted of the word "Yale" in an ellipse, in turn surrounded by an irregular octagon. The Yale & Towne Manufacturing Company filed an opposition to the application for registration and was successful before the Examiner, the Commissioner, and the Court of Appeals of the District of Columbia. The plaintiff made it a party defendant to the suit at bar, in which it interposed a counterclaim, alleging its own prior user of the word "Yale" upon many sorts of hardware, especially upon locks and keys, but not upon electric flash-lights and batteries.

The District Judge dismissed the bill on the ground that the plaintiff's products, if so marked, were likely to be confused with the defendant's, and that the statute did not mean to authorize such confusion. For the same reasons he enjoined the plaintiff upon the counterclaim from using the mark upon flash-lights or batteries, or any articles made of metal or other hard substance.

Henry F. Parmelee, of New York City (Melville Church, of Washington, D. C., and William S. Pritchard, of New York City, of counsel), for appellant.

Taylor, Durey & Pierson, of Stamford, Conn. (Archibald Cox, Louis H. Porter, and F. Carroll Taylor, all of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). [1] The original examiner concluded that the use of the word "Yale" upon the plaintiff's goods was confusing to the defendant's buyers, but based his decision upon the ground that the mark sought to be registered was only a proper name, whose registration the statute did not allow. The commissioner affirmed this decision on the same ground, without passing on the evidence of confusion. The Court of Appeals of the District of Columbia in turn affirmed the Commissioner, but, because of a change in the law, solely on its own finding that there was likelihood of confusion between the wares of the two parties. The District Judge took more testimony, and also reached the conclusion that there was likelihood of confusion. As the case came up, he was, and we are, required to accept the findings of the Patent Office on such an issue of fact, unless the evidence to the contrary is altogether convincing, Morgan v. Daniels, 153 U. S. 120, 125, 14 S. Ct. 772 (38 L. Ed. 657), for the new evidence was not of a kind to change the result. The proof as a whole is far from convincing against the finding; the record contains many instances where the defendant's buyers did, or said that they should, suppose the plaintiff's flash-lights to be one of the defendant's products, and it is extremely probable that mistakes will continue unless the practice ceases.

[2, 3] Therefore, so far as we can see, only two points of law need be considered: Whether the defendant's goods have "the same descriptive properties" as the plaintiff's, which is a condition upon its opposition to registration; whether, in view of the fact that it makes no flash-lights or batteries, it may complain of the plaintiff's use of its name. The law of unfair trade comes down very nearly to this—as judges have repeated again and again—that one merchant shall not divert customers from another by representing what he sells as emanating from the second. This has been, and perhaps even more now is, the whole Law and the Prophets on the subject, though it assumes many guises. Therefore it was at first a debatable point whether a merchant's good will, indicated by his mark, could extend beyond such goods as he sold. How could he lose bargains which he had no means to fill? What harm did it do a chew-

ing gum maker to have an ironmonger use his trade-mark? The law often ignores the nicer sensibilities.

However, it has of recent years been recognized that a merchant may have a sufficient economic interest in the use of his mark outside the field of his own exploitation to justify interposition by a court. His mark is his authentic seal; by it he vouches for the goods which bear it; it carries his name for good or ill. If another uses it, he borrows the owner's reputation, whose quality no longer lies within his own control. This is an injury, even though the borrower does not tarnish it, or divert any sales by its use; for a reputation, like a face, is the symbol of its possessor and creator, and another can use it only as a mask. And so it has come to be recognized that, unless the borrower's use is so foreign to the owner's as to insure against any identification of the two, it is unlawful. Aunt Jemima Mills Co. v. Rigney, 247 F. 407 (C. C. A. 2) L. R. A. 1918C, 1039; Akron-Overland v. Willys-Overland, 273 F. 674 (C. C. A. 3); Vogue Co. v. Thompson-Hudson Co., 300 F. 509 (C. C. A. 6); Wall v. Rolls-Royce, 4 F.(2d) 333 (C. C. A. 3). Although it is quite true that the point is still open in the Supreme Court. Beech-Nut Co. v. Lorillard, 273 U. S. 629, 47 S. Ct. 481, 71 L. Ed. 810. Again, if originally descriptive, a mark may have been so generally used that it denotes no particular maker, unless narrowly applied. Pabst Brewing Co. v. Decatur Brewing Co., 284 F. 110 (C. C. A. 7). Here we are dealing with a proper name, which, though it has been used quite generally, is shown to denote the defendant when applied to flash-lights. The disparity in quality between such wares and anything the plaintiff makes no longer counts, if that be true. The defendant need not permit another to attach to its good will the consequences of trade methods not its own.

There remains the question of registration, the goods not being of the "same descriptive properties" in the colloquial sense. It would plainly be a fatuity to decree the registration of a mark whose use another could at once prevent. The act cannot mean

that, being drafted with an eye to the common law in such matters. American Steel Foundries v. Robertson, 269 U. S. 372, 381, 46 S. Ct. 160 (70 L. Ed. 317). While we own that it does some violence to the language, it seems to us that the phrase should be taken as no more than a recognition that there may be enough disparity in character between the goods of the first and second users as to insure against confusion. That will indeed depend much upon trade conditions, but these are always the heart of the matter in this subject. It is quite true that in Rosenberg v. Elliott (C. C. A.) 7 F.(2d) 962, the court felt bound to find that caps and suits had the same descriptive properties, quite independently of the confusion which had arisen. We cannot say that that is the case here, for the fact that flash-lights and locks are made of metal does not appear to us to give them the same descriptive properties, except as the trade has so classed them. But we regard what the trade thinks as the critical consideration, and we think the statute meant to make it the test, despite the language used.

[4] The defense of laches needs no more than mention. The plaintiff has gone on in the face of the defendant's opposition from the very outset. If its persistence now lays a heavy burden on it, it is of its own making. It would be an easy escape from the consequences of a wrong to assert that one has grown so old in its practice as to make any change painful.

[5] The injunction is, however, too broad. Since the plaintiff has used the word upon nothing but flash-lights and batteries, and so far as appears does not mean to do more, the defendant needs no further protection. Besides, it does not inevitably follow that all metal objects, and all those made from any hard substance, should not bear the name "Yale." At least, this record does not raise that question. The following words will be struck from the second paragraph of the decree: "Or any article which is manufactured and consists in whole or in part of metal or other hard substance." Otherwise, the decree is affirmed, with costs.