[Civ. No. 6328. First Appellate District, Division Two.—July 24, 1928.]

ADOLPH M. SCHWARZ, Appellant, v. ADOLPH M. SCHWARZ, Jr., Respondent.

Newlin & Ashburn and R. L. Haight for Appellant.

Abram M. Marks for Respondent.

NOURSE, J.—Plaintiff sued to restrain defendant from conducting business under the name of "Adolph M. Schwarz, Jr., Commercial Collections," or variations of such name calculated to deceive the public, and also from soliciting the business of plaintiff's clientele and from using lists of plaintiff's customers obtained by defendant while he was in the employ of the plaintiff. The cause was tried before the court and, upon the conclusion of plaintiff's case, the defendant's motion for a nonsuit was granted upon the ground that there was no evidence to sustain the allegations of the complaint. The plaintiff has appealed from the judgment upon a typewritten transcript.

Plaintiff had established and maintained collection agencies in some of the principal cities of the east and, some two years prior to the filing of the complaint, had established branches of such agencies in San Francisco and Los Angeles. His son, the defendant in this case, had been installed as manager of the branch in Los Angeles, but in the month of August, 1925, because of mismanagement and defalcations on his part, he was ordered to turn over the management of the Los Angeles branch to another, and to report to the Cleveland office. On August 29, 1925, he opened another office in Los Angeles and notified the customers of plaintiff that he had taken the entire personnel of the old office with him and solicited their business under the new management. Letter-heads, billheads, and other advertising matter were prepared by him under the name of "Adolph M. Schwarz, Jr., commercial collections, anywhere," obviously designed to deceive the

customers of the plaintiff, who for many years theretofore had engaged in the business of commercial collections under the designation "Adolph M. Schwarz, commercial collections everywhere" and "Adolph M. Schwarz, Attorney and Counsellor at Law, commercial collections everywhere."

It was alleged in the complaint that the plaintiff had built up a valuable goodwill and reputation in commercial collections around the name "Adolph M. Schwarz, commercial collections" and "A. M. Schwarz." Though this allegation was denied in the answer, the truth of the allegation was proved beyond question at the trial. On some occasions plaintiff's organization was referred to merely as "Schwarz's" or the "Schwarz organization," or the "Schwarz Los Angeles office," but more frequently the full name of "Adolph M. or A. M. Schwarz" was used. Defendant's true name had been Louis Schwarz, but, before coming to California, he had assumed the name of Louis Carmen. During the time he was employed by plaintiff in the California offices he went under the name of Adolph M. Schwarz, Jr., and in February, 1925, with the consent of his father, he procured a decree of the superior court changing his name to A. M. Schwarz, Jr. Thereafter he conducted his business under that name, still being known "socially" as Louis Schwarz.

It is the theory of the complaint that the defendant's change of name was part of a scheme to defraud his father and that, when the defendant opened the new offices in Los Angeles with letter-heads, billheads, and other advertising matter of the same type, arrangement, and picture as those used by his father it was with the intention of deceiving plaintiff's customers and causing confusion among them to plaintiff's damage.

There is no proof that defendant contemplated establishing an independent business when he made the change in his name or that this change was made for any other purpose than to facilitate the handling of the father's business. All the proof, both oral and documentary, shows unmistakably that the defendant adopted a scheme of advertising designed to deceive plaintiff's customers, and

that he actually solicited them "with all of the business houses of Los Angeles" under the false impression that he was merely establishing a new office of the Schwarz organization, taking with him "the entire personnel of the old office consisting of high trained, efficient and consummate collection talent."

Unlike the case of *Dunston* v. *Los Angeles Van etc. Co.*, 165 Cal. 89 [131 Pac. 115], the issue of "unfair trade dealing" was specially pleaded and all the evidence, and the presumptions and inferences applicable thereto, tended to prove the allegations of the complaint. The judgment having been on the nonsuit we must, therefore, assume this issue to have been proved (*Long* v. *Chronicle Publishing Co.*, 68 Cal. App. 171 [228 Pac. 873]). Upon the case so made by plaintiff he prayed for an injunction restraining defendant from conducting the business of commercial collections under the name of "Adolph M. Schwarz, Jr., commercial collections," or any variations of said name consisting of the use of the words "A. M. Schwarz's" or "Adolph M. Schwarz's" or "Adolph M. Schwarz Company," either in conjunction with each other "or in conjunction with other words or name so as to imitate or so closely resemble the name of the plaintiff as to result in confusion to the public, or to the patrons, customers, dealers, clientele or agencies of the plaintiff."

Plaintiff offered one witness to testify that he had been confused over the two offices. It was not necessary to prove this. "It is the liability to deception which the remedy may be invoked to prevent." (*Vulcan* v. *Myers*, 139 N. Y. 364 [34 N. E. 904].) This subject is fully discussed in the opinion of Judge Thompson in *Sun-Maid Raisin Growers* v. *Mosesian*, 84 Cal. App. 485 [258 Pac. 630, 635].

Giving the plaintiff the most favorable construction of all the evidence, as was necessary on the motion for nonsuit, it follows that he presented a case of unfair trade dealing which would have entitled him to some part of the relief demanded. The defendant's answer on this appeal is that as to those issues upon which plaintiff

offered proof the evidence was conflicting and that we should not, therefore, disturb the judgment. The conflict arose in the testimony of the defendant, who was called by the plaintiff under section 2055 of the Code of Civil Procedure. As to such testimony the plaintiff was not bound, but, in any event, the conflict should be disregarded.

Judgment reversed.

Koford, P. J., and Sturtevant, J., concurred.