## ALFRED DUNHILL OF LONDON, Inc., v. DUNHILL SHIRT SHOP, Inc.

District Court, S. D. New York.
Dec. 30, 1929.

Charles S. Jones, of New York City, for plaintiff.

Arnold Jacoby, of New York City, for defendant.

COXE, District Judge.

I think this is a plain case for injunctive relief. The only conceivable reason for the use of the name "Dunhill" by the defendant is to trade on the reputation and good will of the plaintiff. Indeed, that in substance is admitted in the answering affidavit, where it is stated that the name was chosen "because we wanted a name for our men's haberdashery shop that would be associated with 'the English' because of that people's great reputation in turning out well dressed men."

It is no answer that the defendant sells shirts, and the plaintiff, smokers' requisites. Wall v. Rolls-Royce (C. C. A.) 4 F.(2d) 333; Yale Electric Corp. v. Robertson (C. C. A.) 26 F.(2d) 972. Nor is it a defense that the defendant is incorporated, and that the name

Dunhill appears in its corporate title. Peck Bros. & Co. v. Peck Bros. Co. (C. C. A.) 113 F. 291, 62 L. R. A. 81; Anheuser-Busch v. Budweiser Malt Products Corp. (C. C. A.) 295 F. 306.

The motion for a preliminary injunction is, therefore, granted.