## MARTHA WASHINGTON CANDIES CO. v. GOLDSTEIN et al.
### No. 1332.

District Court, M. D. Pennsylvania.
June 30, 1938.

O'Malley, Hill, Harris & Harris, of Scranton, Pa., and Chritton, Wiles, Davies, Hirschl & Dawson, of Chicago, Ill., for plaintiff.

Thomas M. Lewis and Henry Greenwald, both of Wilkes Barre, Pa., for defendants.

WATSON, District Judge.

This is a suit in Equity filed by the Martha Washington Candies Company

seeking an injunction restraining the Defendants from using the name "Martha Washington" as the name of ice cream manufactured by Defendants, and seeking an accounting and damages for trade mark infringement and unfair competition. Defendants have filed a motion to dismiss the Bill.

The Bill alleges, inter alia: That the Plaintiff has been engaged in the manufacture and sale of candies and confectionery for more than twenty-five years, and the sale of its product has extended throughout the United States; That its product has acquired an enviable reputation and the good will of the product has been built up around the words "Martha Washington Candies"; That trade mark registrations, including the words in issue, have been registered in the United States Patent Office since 1907, claiming the trade mark as applying to "all kinds of candies", and such trade marks are in full force and effect; That the trade mark including the words in issue was registered in the office of the Secretary of State of Pennsylvania in 1922, claiming the trade mark as applying to "candies and confectionery"; That, in 1929, Plaintiff began the manufacture of ice cream and has sold the ice cream under the trade mark set forth over a substantial portion of the United States and has registered the name in issue for ice cream; And that Plaintiff's products have been advertised at considerable expense throughout the United States, and the purchasing public has learned to identify any product, such as ice cream, candy, etc., sold in connection with the name "Martha Washington" as being manufactured by the Plaintiff.

It is further alleged that the Defendants are manufacturing and selling ice cream under the name of "Martha Washington", and that the name appears in several different types of advertisement, which use of the name is for the deliberate purpose of trading upon the good will and reputation of the Plaintiff's products. Plaintiff bases its claim for relief both on the ground of trade mark infringement and on the ground of unfair competition.

■ The important question is, whether the Bill sets forth sufficient facts upon which to base a claim of unfair competition? If this question is answered in the affirmative, it will be unnecessary to consider at this time the question whether infringement of Plaintiff's registered trade mark is properly alleged. Trade mark infringement is only one branch of the broader doctrine of unfair competition, and it is not necessary to show trade mark infringement in order to establish a case calling for relief under the doctrine of unfair competition.

■ Unfair competition in the use of names or marks consists in the use of a name or mark by the Defendant which tends to delude the public into believing the Defendant's business is in some way connected with that of the Plaintiff. The test is, whether the use of the name or mark would breed confusion in the minds of the public. Akron-Overland Tire Co. v. Willys-Overland Co., 3 Cir., 273 F. 674.

■ In the case at bar it is not alleged that Plaintiff has used the name "Martha Washington" in connection with the sale of ice cream in the territory where Defendant's activities are carried on but it is alleged that Plaintiff has used the name in connection with the sale of candies and confectionery "throughout the United States", which necessarily includes the territory in which Defendants operate. It is further alleged that the name "Martha Washington" has been adopted by the Defendants for the deliberate purpose of trading on the Plaintiff's good-will and reputation. The question whether the public mind would be confused by the use of the name by the Defendants is one of fact which is susceptible of proof. It is impossible for the Court to say as a matter of law, in the absence of any evidence, whether the use of the name "Martha Washington" by the Defendants does or does not cause confusion in the public mind. Plaintiff has alleged that the name was adopted by the Defendants for the specific purpose of causing such confusion. In the face of such allegations by the Plaintiff, it cannot be said that Plaintiff has not set forth a cause of action.

■■ In a suit for unfair competition, it is sufficient to show that Plaintiff's good will is likely to be endangered by the Defendants' use of Plaintiff's name or mark. It is not necessary to allege or prove direct competition between the products of each. Great Atlantic & Pacific Tea Co. v. A. & P. Radio Stores, D.C., 20 F.Supp. 703. Applied to the case at bar, Plaintiff's allegation that the Defendants have adopted the name in issue for the purpose of trading on Plaintiff's good-will is sufficient whether candy and confectionery may be considered as of the same descriptive properties as ice cream or not. So concluding,

the motion to dismiss the Bill of Complaint must be denied.

Now, June 30, 1938, the Defendants' motion to dismiss the Plaintiff's Bill of Complaint is denied, and Defendants are directed to file an answer to said Bill of Complaint within fifteen days hereof.