**LEVI STRAUSS AND COMPANY,**
Appellant,

v.

**Fuller LONGLEY and J. P. Browder, Jr.,**
et al., Appellees.

No. 13805.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1959.

Gordon Wood, of Boyken, Mohler & Wood, San Francisco, Cal., Albert L. Hodge of Chambliss, Chambliss & Wood, Chattanooga, Tenn., on the brief, for appellant.

Paul Campbell, Sr., Chattanooga, Tenn., Campbell & Campbell, Chattanooga, Tenn., on the brief, for appellees.

Before MARTIN, MILLER and CECIL, Circuit Judges.

## PER CURIAM.

This case has been duly considered on the oral arguments and briefs of the attorneys and upon the record in the case. The action, brought by Levi Strauss and Company, was for infringement of its registered trademark, stitched on the back pockets of western style overalls and jeans. The trademark has been termed an "arcuate" design.

The trial court described the trademark of appellant as consisting of two equal arcs, lying substantially horizontally across the rear pocket. The mark used by defendants, now appellees, is in general appearance similar to that of appellant, but differs in that it drops in the center to the bottom of the pocket. Standing alone, the similarity of the marks might be sufficient to deceive the unwary purchaser, although no instance of deception was shown in evidence. See Hemmeter Cigar Co. v. Congress Cigar Co., 6 Cir., 118 F.2d 64, 70. But all factors should be considered and, when the overalls manufactured and sold by the respective parties are viewed in entirety, there appears to be no likelihood of reasonable confusion between the garments. Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 6 Cir., 119 F.2d 316; Yale Electric Corp. v. Robertson, 2 Cir., 26 F.2d 972. Actual confusion is an important factor in unfair competition cases. Alexander Young Distilling Co. v. National Distillers Products Corporation, D.C.E.D.Pa., 40 F.Supp. 748, affirmed 3 Cir., 127 F.2d 727. The district court opinion was written by Judge Kalodner, who has since become a member of the Third Circuit Court of Appeals.

The exhibits disclose that appellant had on the buttons of its garment the word "Levi" and, on the waistband, a large leather patch displaying the words, "Levi Strauss & Co.", with the company's address and a two-horse brand. Appellant also sewed into the left seam of the pocket a small red tab, bearing the word "Levi" and bearing also the letter "R". The word "Levi" was imprinted in large letters above the right rear pocket of the pants.

Marked contrast in the distinguishing marks upon appellees' overalls is shown by the exhibits. The figure of a spitting tom cat was placed on the buttons of appellees' garments; and sewn into the center of the rear waistband was a spitting tom cat in circular design. A large leather patch, showing the figure of a spitting tom cat, was sewn to the right rear of the waistband, with accompanying words showing the garment to be the product of the Tom Cat Overall Company, Chattanooga, Tennessee. A placard, showing a sizeable spitting tom cat with arched back, with the name of the manufacturer underneath, was placed on the pants pocket.

Thus, comparison of the exhibits does not reveal that an unwary purchaser would be deceived into confusing the goods of appellant with those of appellees. Accordingly, the suit should be dismissed.

It might be added that, prior to the institution of this action, appellees had discontinued the manufacture of jeans bearing the questioned arcuate design. There is no indication in the record that appellees will ever resume its use; and, while an injunction is often issued despite discontinued use of an infringing mark or unfairly competitive symbol, no such injunction would be appropriate here for the reasons which have been indicated.

The judgment of the district court is affirmed.