AMERICAN PRODUCTS CO., a Delaware Corporation, v. AMERICAN PRODUCTS CO., a Michigan Corporation.

No. 2510.

District Court, E. D. Michigan, S. D.

July 8, 1930.

Walter F. Murray, of Cincinnati, Ohio, for plaintiff.

Edward F. Wunsch, of Detroit, Mich., for defendant.

TUTTLE, District Judge.

This is a suit by the American Products Company, a Delaware corporation, against the American Products Company, a Michigan corporation, to restrain the latter from using the name "American Products Company" in connection with the sale of beverages and similar products on the ground that such use of that name by the defendant constitutes unfair competition with the plaintiff. The cause has been heard and submitted on bill and answer and on the proofs taken in open court.

The material facts are as follows: From 1911 to 1920 the predecessor, in title and business, of the plaintiff, and, from 1920 to the present time, the plaintiff, as successor to such predecessor, has been engaged, under the name "American Products Company," in the manufacture and sale of bottled noncarbonated beverages and various food products throughout the United States, including the state of Michigan. In connection with that business, and during that period, the plaintiff and its predecessor have expended more than $3,000,000 in nationally advertising that name as indicating said business and its products. The defendant is engaged in the manufacture and sale, in Michigan, of bottled carbonated beverages and various artificial ice products. It was organized in 1918, under the laws of Michigan, as the successor to the American Brewing Company, a Michigan corporation, whose business and assets it thereupon acquired, the substance of the transaction being the change of the name of the defendant from American Brewing Company to American Products Company. As to whether the defendant then had knowledge of the existence of the plaintiff, or, if not, when it first ob-

tained such knowledge, there is nothing in the pleadings or in the evidence to indicate. In 1927, however, shortly before the commencement of this suit, the defendant received a letter which was addressed to the plaintiff and which it forwarded to the plaintiff. Thereupon the plaintiff, thus learning of the defendant for the first time, notified the latter that its use of the name of the plaintiff infringed the prior right of the plaintiff to such name, and, the defendant having refused to discontinue such use, this suit was commenced.

The bill of complaint alleges that before the adoption of the same name by the defendant the plaintiff and its predecessor, by extensive advertising and sales and by the use of high-grade material and skilled workmen, had established an enviable reputation for the quality and purity of its products and had developed a large and profitable business, its annual sales now being in excess of $1,000,000, and that its name, American Products Company, had become generally recognized and associated by the public as indicating its business and products. The answer of the defendant neither admits nor denies the allegations of the bill just mentioned, asserting lack of knowledge with respect thereto.

It is urged by the defendant that the name of the plaintiff is a geographical term, and, as such, open and available to any one, and that the plaintiff is not entitled to exclude the defendant from its adoption and use at least in the absence, as here, of any direct evidence of a fraudulent intent on its part to divert business from the plaintiff by deceiving the purchasing public into the belief that defendant's products are those of the plaintiff. After careful consideration of this contention, as applied to the present record, and bearing in mind that this case involves a trade-name, not a trade-mark, and therefore is governed by the law of unfair competition, not that of trade-marks, I reach the conclusion that such contention cannot be sustained:

▮▮ Assuming, for the purposes of this opinion, that the name "American Products Company" should be regarded as a geographical name indicating products made in America rather than a somewhat fanciful name not intended to denote the place of manufacture of such products, it is well settled that when a person has adopted, as the name of a business, a term originally geographical, and, by his efforts and expenditures, has developed a reputation and good

will for such business and its products, so that such name has come to mean, in the minds of the general public, that particular business and its products, such name thereby acquires a "secondary meaning," as indicating such business, and its owner is entitled to protection, in its use, by a court of equity. G. W. Cole Co. v. American Cement & Oil Co., 130 F. 703, 705 (C. C. A. 7); G. & C. Merriam Co. v. Saalfield, 198 F. 369 (C. C. A. 6); Standard Paint Co. v. Rubberoid Roofing Co. (C. C. A.) 224 F. 695, 696; British-American Tobacco Co. v. British-American Cigar Stores Co., 211 F. 933, Ann. Cas. 1915B, 363 (C. C. A. 2); Trappey v. McIlhenny Co., 281 F. 23 (C. C. A. 5). As was said by the court in Standard Paint Co. v. Rubberoid Roofing Co., supra: "It is now well settled that descriptive words, like geographical and proper names, may acquire a secondary signification and, in that meaning, are the subject-matter of ownership to be protected against unfair competition."

The rule was stated in G. W. Cole Co. v. American Cement & Oil Co., supra, as follows: "Unfair competition is distinguishable from the infringement of a trade-mark in this: that it does not involve necessarily the question of the exclusive right of another to the use of the name, symbol, or device. A word may be purely generic or descriptive, and so not capable of becoming an arbitrary trade-mark, and yet there may be an unfair use of such word or symbol which will constitute unfair competition. Thus a proper or geographical name is not the subject of a trade-mark, but may be so used by another unfairly, producing confusion of goods, and so come under the condemnation of unfair trade, and its use will be enjoined."

The defendant relies on the case of American Wine Co. v. Kohlman (C. C.) 158 F. 830, 831, in which District Judge Toulmin held that a corporation of one state, called the "American Wine Company," was not entitled to restrain a corporation of another state from using the same name. While the basis of that decision does not clearly appear from the opinion, the court in the course of such opinion used the following language: "It appears from the allegations of the bill and the prayer for specific relief that this suit is based on an alleged infringement of a trade-mark. It, therefore, rests on the ownership of the trade-mark, the title to which is indispensable to a good cause of action. Being of opinion that the complainant has no exclusive proprietary interest in the words of the alleged trade-mark, it is

not entitled to the specific relief prayed for. * * * The bill in the case at bar does not proceed upon the ground of unfair competition in trade. There are no facts alleged in the bill which show that any injury has resulted to the complainant, or is likely to result to it." It would seem, from the language just quoted, that the case is distinguishable from the present case. If, however, the court there intended to hold that a geographical term is not, under any circumstances, capable of exclusive appropriation as a trade-name, it is plain that such an opinion would involve an incorrect statement of the law, and could not be here followed.

Nor is it necessary, in order to obtain relief from unfair competition, that any actual fraud or wrongful intent should be proved, by direct evidence, under the familiar principle that a person is presumed to intend the ordinary result of his acts. Trappey v. McIlhenny Co., 281 F. 23 (C. C. A. 5); Coty, Inc., v. Parfums de Grande Luxe, Inc., 298 F. 865, 870 (C. C. A. 2); Wisconsin Electric Co. v. Dumore Co., 35 F.(2d) 555 (C. C. A. 6). In the language of the court in Coty, Inc., v. Parfums de Grande Luxe, Inc., supra: "Where the necessary and probable tendency of defendant's conduct is to deceive the public and pass off his goods as and for those of the plaintiff, especially where preventive relief only is sought, actual fraudulent intent need not be shown."

The defense of the defendant, based on its claim that, as its products differ in kind from those of the plaintiff, it cannot be held guilty of unfair competition with the plaintiff, is equally without merit. It is true that the beverages sold by the defendant are, while those sold by the plaintiff are not, carbonated, and there are other differences between their products. It is, however, now settled, at least in this circuit, that actual market competition is not an essential element of what has come to be known as "unfair competition." Vogue Co. v. Thompson-Hudson Co., 300 F. 509, 512 (C. C. A. 6); Wisconsin Electric Co. v. Dumore Co., 35 F.(2d) 555 (C. C. A. 6). As was pointed out by the Court of Appeals for the Sixth Circuit, speaking through Judge Denison, in Vogue Co. v. Thompson-Hudson Co., supra: "We come, then, to what is called 'unfair competition.' This is nothing but a convenient name for the doctrine that no one should be allowed to sell his goods as those of another. This rule is usually invoked when there is an actual market competition between the analogous products of the plaintiff and the defendants, and so it has been natural enough to speak of it as the doctrine of unfair competition; but there is no fetish in the word 'competition.' The invocation of equity rests more vitally upon the unfairness. If B. represents that his goods are made by A., and if damage therefrom to A., is to be seen, we are aware of no consideration which makes it controlling whether this damage to A. will come from market competition with some article which A. is then manufacturing or will come in some other way. The injury to A. is present, and the fraud upon the consumer is present; nothing else is needed."

Applying these principles to the facts and circumstances here presented, and after duly considering all of the questions involved and the arguments submitted thereon, I am satisfied that the plaintiff has the right, as against the defendant, to the exclusive use of the name "American Products Company," as indicating to the public the business and products of the plaintiff, and that it is entitled to an injunction restraining the defendant from using that name, in accordance with the prayer for such injunction contained in its bill of complaint herein. An order will be entered accordingly.