**HORLICK'S MALTED MILK CORPORA-
TION v. HORLICK et al.**

No. 549.

District Court, E. D. Wisconsin.

Aug. 29, 1941.

Rogers, Woodson & Rogers, of Chicago, Ill. (Miller, Mack & Fairchild, of Milwaukee, Wis., of counsel), for plaintiff.

Alschuler, Putnam, Johnson & Ruddy, of Aurora, Ill., and Robert L. Piper, of Milwaukee, Wis., for defendants.

DUFFY, District Judge.

This action is for the alleged infringement of plaintiff's trade-mark, brought under 15 U.S.C.A. § 81, et seq., and for unfair competition. The matter now before the court is the motion by defendants to dismiss. The motion states: " * * * and as grounds for said motion defendants now show the court that the plaintiff's complaint is insufficient in law for it to maintain its action in the following particulars: (1) the complaint does not allege the commission of any acts by defendants which constitute statutory infringement of plaintiff's trade-mark; (2) the plaintiff does not allege the commission of any acts by defendants which constitute unfair competition." I interpret the basis for the motion to be the one authorized by Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c—"Failure to state a claim upon which relief can be granted."

The motion to dismiss admits all the allegations of fact well pleaded in the complaint. Therefore, the following facts may be considered established: that plaintiff (a Delaware corporation with principal place of business at Racine, Wisconsin) and its predecessors have been manu-

502

facturers of food products since 1874 and have invariably and continuously used the name "Horlick's" as the trade-mark and designation thereof; that as a result of extensive sales and advertising, "Horlick's" has come to mean and is understood to mean, throughout the United States, the plaintiff and plaintiff's products only, and is a mark by which the goods of the plaintiff are distinguished from other goods of the same class, and is a trade-mark of which the plaintiff is the owner; that said trade-mark symbolizes the valuable reputation and good will created by the plaintiff and its predecessors; that plaintiff's predecessor duly caused the trade-mark "Horlick's" to be registered in the United States Patent Office, and that plaintiff is now the owner of said registration and the trade-marks so registered and the business and good will symbolized thereby; that for many years past the plaintiff has abbreviated its name and address as "Horlick-Racine"; that the defendants, Charles Horlick and Richard Horlick, are residents of Racine County, Wisconsin, and within the past few months have put upon the market a dog food made of grain, and that on the containers in which said food is sold appear the words "Horlick Dog Food" and also the words "Manufactured by Horlick of Horlickville, Racine, · Wisconsin"; that defendants use upon their letterhead and otherwise the words "Horlick of Horlickville, Manufacturers since 1875, Racine, Wisconsin"; that both plaintiff's and defendants' products are sold in interstate commerce; and that plaintiff has notified defendants of the alleged infringement of plaintiff's trade-mark and asked them to desist, and defendants have refused. The jurisdictional amount is admitted.

The. following allegations of the complaint, which are probably a combination of alleged facts and conclusions, appear: (No. 10) "Horlick" (as used by the defendants) is a copy or colorable imitation of plaintiff's registered trade-mark "Horlick's" and is an infringement thereof; and (No. 11) as a result of defendants' use on its goods of the copy or colorable imitation "Horlick" of plaintiff's registered trade-mark "Horlick's", retail merchants are enabled to and do substitute and pass off defendants' product bearing the name "Horlick" as a product made by plaintiff; and (No. 12) the result of defendants' said use of the copy or colorable imitation "Horlick" of plaintiff's registered trade-mark "Horlick's" is to cause defendants' product ·

to be accepted by the public as coming from the plaintiff.

It is often difficult to draw a line of demarcation between an allegation of fact and a conclusion of the pleader. The allegation that the word "Horlick" is a copy or colorable imitation of plaintiff's registered trade-mark "Horlick's" is probably more a conclusion of the pleader than it is an allegation of fact. However, the allegation that by reason of defendants' use of the word "Horlick", retail merchants are enabled to and do substitute and pass off defendants' product bearing the name "Horlick" as a product made by plaintiff, is undoubtedly an allegation of fact. The same is true of the allegation that by reason of defendants' conduct, as hereinbefore described, defendants' product is accepted by the public as coming from the plaintiff.

Defendant contends that the complaint does not allege fraud in the use of the name "Horlick". In an action on unfair competition, however, an allegation of fraud is not necessary. It is the passing off of one man's goods as those of another which constitutes the unfair competition. Scandinavia Belting Co. v. Asbestos & Rubber Works of America, 2 Cir., 257 F. 937, certiorari denied 250 U.S. 644, 39 S.Ct. 494, 63 L.Ed. 1186; American Products Co. v. American Products Co., D.C. Mich., 42 F.2d 488. If the proof should disclose that the public has been deceived by the defendants by passing off their goods for those of the plaintiff, then the fraud would be presumed.

Defendant also contends that a man's name is his own property, and therefore the defendants had the right to use the family name "Horlick" in advertising their products. However, the courts have decided that a family name cannot be used to mislead and confuse the public into thinking that the goods are those of another. L. E. Waterman Co. v. Modern Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142. Also a newcomer is required to take reasonable precaution to prevent a mistake on the part of the public. John B. Stetson Co. v. Stephen L. Stetson Co., Ltd., et al., 2 Cir., 85 F.2d 586. See J. I. Case Plow Works v. J. I. Case Threshing Machine Co. et al., 162 Wis. 185, 155 N.W. 128. It would seem clear that the defendants have no right to so use their own name on their products that the public will accept them as goods manufactured by the plaintiff. Turner & Seymour Mfg. Co. v. A. & J.

Mfg. Co. et al., 2 Cir., 20 F.2d 298; Kawneer Co. v. McHugh et al., D.C. Pa., 51 F.2d 560; Smokador Mfg. Co. v. Tubular Products Co., D.C.Conn., 27 F.2d 948.

It is my opinion that the complaint does state a claim upon which relief can be granted, and therefore the motion of defendants must be denied.