**HORLICK'S MALTED MILK CORPORATION v. HORLICK.**

Civil Action No. 549.

District Court, E. D. Wisconsin.

June 19, 1943.

As Amended July 13, 1943.

Rogers, Woodson, & Rogers, of Chicago, Ill. (by William T. Woodson, of Chicago, Ill.), for plaintiff.

Alschuler, Putnam, Johnson, & Ruddy, of Aurora, Ill. (by Sam Alschuler and Clarence J. Ruddy, both of Aurora, Ill.), for defendant.

DUFFY, District Judge.

This action is brought under 15 U.S.C.A. § 81 et seq., for the alleged infringement of plaintiff's trade-mark, as well as for unfair competition. This court's opinion on defendants' motion to dismiss appears in 40 F.Supp. 501. Prior to the trial of this cause, the action against defendant Richard Horlick was dismissed.

The plaintiff (a Delaware corporation with principal place of business at Racine, Wisconsin) and its predecessors have been manufacturers of food products since 1874, and for many years past have continuously

used the name "Horlick's" as a trade-mark. During the past twenty years their sales of malted milk have been in excess of $100,000,000, and more than $20,000,000 has been expended by the plaintiff and its predecessors for advertising.

The name "Horlick" is an uncommon surname. For example, it appears but once in the Milwaukee city directory. Due to the extensive advertising by plaintiff and its predecessors, extending over sixty-eight years, the name "Horlick's" has become well and favorably known throughout the United States, and is usually associated in the public mind with malted milk.

On August 10, 1915, plaintiff registered the trade-mark "Horlick's", under the 1905 act, for "prepared milk products, food products containing extract of malt, barley and wheat flour and dry extract of malt" (Registration No. 105,593). The word "Horlick's" appears in outlined block letters printed in an arc. This registration was renewed and is owned by plaintiff. The same trade-mark had previously been registered on December 8, 1903, for "food products", under the laws of Wisconsin.

For many years past the plaintiff has abbreviated its name and address to "Horlick—Racine, U. S. A." As a common occurrence plaintiff received mail addressed to it as Horlick, Horlick's, Horlick Company, and other similar forms.

Joseph A. Horlick, Sr., was the first of the Horlick family to come to this country; he settled in a community later to be known as Horlicksville, located in Racine County a short distance beyond the present city limits of Racine. A daughter of his married one of her cousins, William Horlick, who came to this country in the 1870's, and who founded the business which preceded the plaintiff. Their son, Alexander J. Horlick, is president of the plaintiff corporation. The defendant, Charles Horlick, is a great grandson of the above mentioned Joseph A. Horlick, Sr., through another of his children. Members of this branch of the family also resided at Horlicksville, and since 1875 have operated a grist mill which has been used largely for grinding of grist for animal food.

The defendant discovered that dogs would eat by-products from grain ground in his mill. On July 31, 1940, he registered a trade-mark for "dog, cat, horse and cattle foods" (Registration No. 382,160), consisting of the word "Horlick" in solid block letters printed in a straight line. Defendant's other registration was on May 13, 1940, as a trade-mark for "dog, cat, horse and cattle foods" (Registration No. 379,813), and consisted of the words "Horlick of Horlicksville" in block letters printed in a straight line.

Plaintiff's malted milk was intended only for human consumption. However, plaintiff has received numerous letters from the public reporting the satisfactory results from feeding Horlick's malted milk to their dogs, cats, and other animals.

The defendant placed on the market a product in pellet form called "Horlick Dog Food". Defendant's package is about 7½" high by 6" wide, and has a depth of less than 2". The word "Horlick", printed in a straight line in red block letters 1½" high, outlined in black, appears prominently on both the front and reverse sides of the package. A drawing of a dog appears thereunder, which drawing is about 3½" in height. Underneath the dog's head appear the words, "Dog Food", on separate lines, in black letters 1" high. One line reading, "Complete Daily Ration", is printed near the bottom of the package in white letters ¼" in height. The next line reads, "For Fine Animals", which appears in red letters ⅜" in height. At the very bottom appears the line, "Manufactured by Horlick of Horlicksville, Racine, Wisconsin", none of the letters of which exceed ⅛" in height. On the top and bottom flaps of the package, the word "Horlick" appears in red block letters of the same size and style as on the front and reverse sides of the package. Considerable printing under the heading "Horlick Dog Food" appears on each of the narrow sides of the package. Under the subheading "Ingredients" appears, "Malt flour, dry skim milk, ground yellow corn, ground whole wheat, feeding oatmeal, flour midlings, meat scraps, fish meal, soybean oil meal, powdered oyster shell, alfalfa leaf meal, salt, molasses, vitamins a, b, c, d, e, b2, g, b4, b6, k, nicotinic acid, iron, manganese, iodine, copper, sulphur, added by concentrate."

Plaintiff sells its malted milk in packages and bottles of different sizes and shapes. Its package most nearly the size of defendant's package is 9" in height, each of the four sides of which are 6" in width. On the front and reverse sides, printed in an arc in white letters on a dark blue background, appear:

Horlick's (1″ block letters)

(The Original) (Small red letters)

Malted Milk (½″ block letters)

and a drawing of three cows is immediately below. "The Great American Food-Drink for All Ages" is printed in blue letters on the next two lines. Then follows three lines in smaller print, "Prepared and dried in vacuum from whole milk, malted barley and diastatic digested wheat flour." At the bottom the words, "Manufactured by Horlick's Malted Milk Corporation, Racine, Wisconsin", are printed over the word "Horlick's" appearing in red script in a slanting line.

No attempt has been made by the defendant to dispose of his product on any other basis than as a dog or animal food. No one purchased Horlick Dog Food believing that it was malted milk or food for human consumption. The only similarity between plaintiff's package and defendant's package was the names "Horlick's" and "Horlick", the printing of which was even in a different style, size and color. Nevertheless, members of the public who were familiar with Horlick's Malted Milk, upon seeing the defendant's package, concluded that defendant's dog food was manufactured and sold by the plaintiff. I believe two things principally contributed to this reaction, namely, the uncommon name "Horlick" known widely in connection with malted milk, and the phrase "Horlick of Horlicksville, Racine, Wisconsin".

There are two issues in this case. First: Is the name "Horlick", as used by the defendant, an infringement of plaintiff's registered trade-mark "Horlick's"? The trade-mark statute, 15 U.S.C.A. § 96, prohibits that anyone "colorably imitate any such trade-mark and affix the same to merchandise of substantially the same descriptive properties * * *." I conclude that the malted milk powder intended for human consumption and the pellets intended for dog food are not merchandise of the same descriptive properties (Kellogg Co. v. Bremner Brothers, 45 U.S.Patents Quarterly, 446), and that there was no colorable imitation and therefore no infringement.

The second issue is: Do the acts of the defendant in the use of the name "Horlick" on his package and in connection with his business, and in the use of the phrase, "Manufactured by Horlick of Hor-licksville, Racine, Wisconsin", constitute unfair competition? Horlick is the family name of the defendant. It is also the family name of the founder of the plaintiff's business. The first user, in choosing a family name for his business, assumes the risk of others of the same name using such name fairly in their own business. Brown Chemical Co. v. Meyer, 139 U.S. 540, 11 S.Ct. 625, 35 L.Ed. 247.

Although the defendant should be permitted to use his family name in a business which is not directly competitive with plaintiff, he is bound to use reasonable care in the marketing of his product so that the public may be informed as to the source thereof, and to so identify his product as to make it readily distinguishable from that of plaintiff. Kellogg Co. v. National Biscuit Co., 305 U.S. 111, 59 S.Ct. 109, 83 L.Ed. 73. This is especially true when defendant's business is such that plaintiff might logically be expected to enter that field. Furthermore, it is well established that a family name cannot be used to mislead and confuse the public into thinking that the goods are those of another. L. E. Waterman Co. v. Modern Pen Co., 235 U.S. 88, 35 S.Ct. 91, 59 L.Ed. 142. Also, a newcomer is required to take reasonable precaution to prevent a mistake on the part of the public. John B. Stetson Co. v. Stephen L. Stetson Co., Ltd., 2 Cir., 85 F.2d 586. The defendant, Charles Horlick, is a late comer into the field of national distribution of food products. Using only a part of his name in the phrase, "Horlick of Horlicksville, Racine, Wisconsin", he offered no information to the public identifying himself as the manufacturer of the dog food rather than the plaintiff, which was confusing to the public. Further confusion resulted from his use of the phrase, "Manufacturers since 1875", on his stationery, for that was about the time when the malted milk business was started. Defendant and his predecessors did no "manufacturing" continuously since 1875; they merely "operated" a grist mill catering to local trade.

Defendant should be enjoined from using the phrase, "Manufactured by Horlick of Horlicksville, Racine, Wisconsin". If the defendant exercised the reasonable care required, he would have used his own name and address, such as "Manufactured by Charles Horlick, Horlicksville, Racine, R.F.D., Wisconsin". He should likewise be enjoined from using the misleading

420

phrase, "Manufacturers since 1875"; and in the list of ingredients, *"malt* flour" and "dry skim *milk"* should not be the first two listed. While the defendant may feature his name "Horlick", he should use the name "Charles" or some other identifying word or words in connection therewith, which word or words shall be printed in type at least one-half the size of the type used in printing the name "Horlick".

█ Undoubtedly some purchasers, disinterested in who produces the dog food, may still assume that it is manufactured by the plaintiff; but defendant is not bound to make his package and advertising foolproof so that no one can make a mistake in regard thereto. John Morrell & Co. v. Doyle, 7 Cir., 97 F.2d 232. After defendant has complied with the changes indicated in this opinion, anyone who still would be confused would be careless to a degree that the law has no duty to protect. Quaker Oats Co. v. General Mills, Inc., 7 Cir., 134 F.2d 429.