ALUMINUM FABRICATING COMPANY OF PITTSBURGH and Season-All Sales Corp., Plaintiffs-Appellees,

v.

SEASON-ALL WINDOW CORP., Defendant-Appellant.

No. 365, Docket 25065.

United States Court of Appeals Second Circuit.

Argued April 14, 1958.

Decided September 25, 1958.

Armand E. Lackenbach, New York City (Burton Perlman, New York City, on the brief), for plaintiffs-appellees.

Edward Halle, New York City (Walter J. Derenberg and Halle & Halle, New York City, on the brief), for defendant-appellant.

Before CLARK, Chief Judge, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

Season-All Window Corporation appeals from a judgment of Judge Cashin holding Aluminum Fabricating Company's registered trademark "Season-all" valid and infringed, refusing cancellation, and enjoining defendant's use of the trademark in all respects including use in its corporate name. Season-All contends that the trademark is invalid as merely descriptive and that a prior use of the trademark by one not a party to the action precludes injunctive relief.

Aluminum Fabricating Company, the corporate successor to an unincorporated group, is engaged in the manufacture and sale of aluminum storm doors and aluminum storm windows. A related company, Season-All Sales Corp., is also a plaintiff in this action, but in the interests of clarity, both plaintiffs prior and subsequent to incorporation and their distributors will all be referred to as "Aluminum."

It is undisputed that Aluminum first used the trademark "Season-all" in interstate commerce at least by September 25, 1947 and that displays utilized the mark by October of that year. On April 5, 1951 Aluminum applied for registration of the mark under the Lanham Act, 15 U.S.C.A. § 1051 *et seq.*, and Registration No. 556,390 was issued on March 18, 1952.

Until October, 1948 Aluminum was active in the New York regional market (New York, New Jersey and Connecticut), but it then withdrew from that market although continuing operations elsewhere. Bertram L. Kantor, who had been an officer of the New York distributor for Aluminum before plaintiff withdrew from that area and who had knowledge of Aluminum's use of the trademark, caused Season-All Window Corp. to be incorporated on November 3, 1948, for the purpose of manufacturing and selling aluminum storm doors and aluminum storm windows. The defendant confined its activities to the New York regional market until May, 1955 when it first began national advertising under the name of "Season-All." Prior to that time, in 1950 or 1951, Aluminum had reentered the New York market, and, in 1952, in response to Aluminum's protests, defendant ceased to use the term "Season-All" as a trademark although it continued the use in the corporate name and in advertising.

At trial, Samuel K. Prentice, a witness for defendant, testified that he was president of F. W. Prentice & Company, a sash and door plant in Adrian, Michigan, and that that company has used the term "Season-all" in connection with its wood-

en door and storm window products for approximately 30 years. Evidence was introduced that a "Season-all" label was ordinarily affixed to a door produced by Prentice and that a combination storm and screen window, the sales volume of which went as high as $500,000 annually after the Second World War but has since declined to approximately $150,000 yearly, was carried on the price list as the "Season-all" window. Aluminum had no knowledge of this prior use of "Season-all" by Prentice & Company. The record discloses little of the geographical extent of the market in which these products were sold.

In this action for trademark infringement and unfair competition, the district court held that Aluminum's trademark was valid and infringed and that the use of "Season-All" in defendant's corporate name and in advertising was likely to cause confusion and constituted unfair competition. Accordingly, the court enjoined defendant's use of the trademark, directed it to change its corporate name and dismissed its counterclaim for cancellation of the registration.

Season-All first contends that "Season-all" as applied to aluminum storm windows and doors is "merely descriptive" and hence not entitled to registration as a valid trademark. Section 2(e) of the Lanham Act of 1946, 15 U.S.C.A. § 1052 (e).[1]

■ It must be conceded that there is not much to choose between saying that "Season-all" is descriptive only and that it is fanciful and arbitrary as well as descriptive. "Season" and "all" are both common enough words. Had they been used in reverse order the result "All-Season" would seem to be merely descriptive and not registrable. Thus the question is whether when placed in the unusual order of "Season" followed by "all," the juxtaposition adds a quality of fancy

or arbitrariness sufficient to justify registration. The Patent Office has answered the question by granting registration and we are not disposed to say that it was in error.

■■ In the Lanham Act Congress made it clear that weight should be accorded to the actions of the Patent Office. The Act provided that "A certificate of registration of a mark * * * shall be prima facie evidence of the validity of the registration * * *." 15 U.S.C.A. § 1057(b). We are of the opinion that this means not only that the burden of going forward is upon the contestant of the registration but that there is a strong presumption of validity so that the party claiming invalidity has the burden of proof and in order to prevail it must put something more into the scales than the registrant. In a case such as this, where it can be argued with equal force that a mark is descriptive and on the contrary that it is arbitrary and fanciful, the courts should not overrule the action of the Patent Office to whose care Congress has entrusted the preliminary determination as to whether a mark fulfills the requirements of the statute.

One of the purposes of the Lanham Act was to encourage registration of trademarks and other marks. Thus, among other things, that Act goes beyond all prior legislation in this field by providing, for the first time, that registration is prima facie evidence of validity.

Even before the Lanham Act, this Court in Planten v. Gedney, 2 Cir., 1915, 224 F. 382, 386, and other courts had given some weight to registration. Developments in the Law—Trademarks and Unfair Competition, 68 Harv.L.Rev. 814, 828, and cases cited in footnote 114 (1955); Nims, Unfair Competition and Trademarks, 4th Ed. (1947) p. 1076, and cases cited in footnote 9.

1. "§ 1052. Trade-marks registrable on the Principal Register; * * *
   "No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it * * *
   "(e) Consists of a mark which, (1) when applied to the goods of the applicant is merely descriptive or deceptively misdescriptive of them, * * *."

After the Lanham Act this Court reaffirmed this view and said that the fact that the Patent Office has allow~d registration creates a "strong presumption in favor of the validity of the mark." Pastificio Spiga Societa Per Azioni v. De Martini Macaroni Co., 2 Cir., 1952, 200 F.2d 325, 326.

The law reports are full of cases which counsel can cite on both sides of the question of whether a trademark is descriptive within the meaning of the Act. See cases cited in 87 C.J.S. Trade-Marks, Etc. § 33, pp. 267–272, and particularly Gold Seal Company v. Weeks, D.C.1955, 129 F.Supp. 928, 929, 934, affirmed *sub nom.* S. C. Johnson & Sons Inc., v. Gold Seal Co., 1956, 97 U.S.App.D.C. 282, 230 F.2d 832. It may well be that the many differing and irreconcilable views of the courts was one of the reasons which impelled Congress to write into the 1946 Act the presumption of validity from registration. At any rate nothing could be clearer than the fact that prior decisions were of little help, and that there was a need to give to the imprimatur of the Patent Office some real value.

Here the plaintiff's trademark was registered by the Patent Office on its Principal Register, the registration being prima facie evidence of its validity, and the registration was upheld by the district court. We give full weight to the registration and hold that this prima facie evidence of validity has not been overcome by the arguments advanced by the appellant.

Nor does our affirmance of the Patent Office registration of "Season-all" render it difficult for others in the business of selling other storm doors and storm windows adequately to describe their products. The English language has a wealth of synonyms and related words with which to describe the qualities which manufacturers may wish to claim for their products and the ingenuity of the public relations profession supplies new words and slogans as they are needed.

■ Defendant contends further that because of Prentice's prior use, Aluminum does not have exclusive rights in the

mark and cannot enjoin use by Season-All. It asks also that Aluminum's registration be cancelled. 15 U.S.C.A. § 1119.

Assuming that Prentice acquired rights in a common law trademark which are superior to those of Aluminum, it does not follow that Aluminum may not register its mark nor obtain an injunction. Even prior to the Lanham Act a subsequent user could obtain rights in a trademark if he sold his product in markets different from those where the original user had sold, Cohn-Goldwater Mfg. Co. v. Wilk Shirt Corp., 2 Cir., 1945, 147 F.2d 767; Griesedieck Western Brewery Co. v. Peoples Brewing Co., 8 Cir., 1945, 149 F.2d 1019, at least if his appropriation was innocent. See Ubeda v. Zialcita, 1913, 226 U.S. 452, 33 S.Ct. 165, 57 L.Ed. 296. He could not, however, register the mark and maintain a statutory action for infringement. See commentary on Lanham Trade-Mark Act, 15 U.S.C.A. p. 271 preceding section 1051; and Developments in the Law—Trade-marks and Unfair Competition, 68 Harv.L.Rev. 814, 857–860 (1955).

The Lanham Act of 1946 brought the statutory protection more in line with common law rights by refusing registration of a mark similar to another then in use only if the trademark for which registration is sought is "likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers." 15 U.S.C.A. § 1052(d). Indeed, concurrent registration of identical marks is allowed if their respective areas of use are such that confusion is not likely to result. See Developments, supra, at page 860; Commentary, supra, at pages 271–272.

The Prentice testimony discloses that Prentice & Company, a Michigan firm, sold wooden storm windows under the classification of "season-all." The volume of sales approached $500,000 one year and had slipped back to approximately $150,000. Sales were made from time to time and in varying amounts to Sears-Roebuck, Montgomery-Ward and American Hardware in Pittsburgh, among others, and at least some of the purchas-

318

ers resold the windows under their own trademarks or tradenames.

■ From the record it is unclear in which market Prentice sold, whether it acquired any rights in a trademark, and whether, in view of the facts that the windows were wooden and were sold for redistribution often under different trademarks and tradenames, there was a likelihood of confusion even in an overlapping market. Defendant's proof failed to show that the registration was improper and thus subject to cancellation, for it failed to introduce evidence that confusion was likely from Aluminum's use of the mark. We think the district court properly enjoined Season-All's infringement and the use of "Season-All" in its corporate name.

Affirmed.