Glenn G. **NIELSEN**, Plaintiff,

v.

The **AMERICAN OIL COMPANY** et al.,
Defendants.

**Civ. A. No. C–15–61.**

United States District Court
D. Utah, N. D.
March 19, 1962.

George D. Preston, Logan, Utah, for plaintiff.

A. H. Nebeker, Salt Lake City, Utah, Richard J. Farrell, James K. Eagan, Jr., Chicago, Ill., John Henry Lewin, Baltimore, Md., Grant A. Brown, Salt Lake City, Utah, for defendant.

RITTER, Chief Judge.

In this action each party seeks, by means of an injunction against the other, to obtain the exclusive right to use the name "American Oil Company" in the business of marketing petroleum products, automotive products, and accessories in Cache County, Utah. The action originated with the filing of the complaint in the District Court of Cache County, Utah, and was duly removed to this Court where defendant The American Oil Company filed an original and an amended answer and counterclaim. The Utah Oil Refining Company, a Delaware corporation, was also named as a defendant but, by virtue of its merger with The American Oil Company on December 30, 1960, was no longer in existence when the complaint was filed.

From 1936 to the present time, plaintiff has been engaged in the business of selling petroleum products at wholesale and retail principally in Cache County. Since 1953, plaintiff has operated as an individual proprietorship trading as "Glenn G. Nielsen Company," and since December 31, 1958, has also engaged in the oil business as a corporation, Nielsen Oil Company, Inc., of which he is president and principal stockholder.

During the period May, 1953, until January, 1957, plaintiff was a bulk plant agent of defendant's predecessor, Utah Oil Refining Company, in Wendover, Utah, operating this company's bulk plant and selling its products on commission to Utoco (Utah Oil Refining Company) service stations in that vicinity, two of which were operated by plaintiff as a dealer. Substantial sales were made at these service stations on credit extended to motorists who presented credit cards carrying defendant's trade name and trademarks.

On September 16, 1955, plaintiff filed with the County Clerk of Cache County, Utah, an "Affidavit of Persons Doing Business Under Assumed Name" for a business to be operated in Logan, Utah, under the name "American Oil Company" in anticipation of a gasoline business to be operated by him.

Plaintiff testified that prior to filing his assumed name affidavit, he had some general knowledge of defendant, its trade name and its trademark "Amoco" from items which he had read in trade publications.

In August, 1960, plaintiff erected on a lot he was purchasing south of Logan, Utah, a large sign reading "Another American Oil Co. Station Is Being Built Here To Better Serve You." On September 23, 1960, plaintiff commenced and thereafter made wholesale sales of gasoline and fuel oil under the name "American Oil Co." having a total value of $12,302.61. Plaintiff's invoices for such sales carried the trade name "American Oil Company" and the designation "Amoco." (Since the institution of this suit, plaintiff has abandoned any claim to the word "Amoco.")

After commencement of this suit, plaintiff, on July 1, 1961, opened a service station on his property south of Logan, under the name "American Oil Company." Since that time he has been selling gasoline and other petroleum products at retail to motorists, including customers using such products for interstate travel between Utah and points outside of Utah, in direct competition with retail service stations in Cache County, Utah, selling defendant's trademarked products. The gasoline and oil sold by plaintiff at wholesale and retail were shipped to his supplier in Utah from points outside of Utah.

The business of the defendant, The American Oil Company, was begun in 1910 as an individual proprietorship under that name in Baltimore, Maryland. This proprietorship expanded its marketing under the trademarks "American" and "Amoco" (an abbreviation of "American Oil Company") throughout all or

parts of six middle Atlantic States and the District of Columbia. Defendant was incorporated on January 3, 1922, under the laws of Maryland, at which time it acquired all of the assets and business of the former proprietorship including the trade name and the trademarks. Shortly after its incorporation, defendant joined a corporate family of interstate major oil companies, of which the parent company has been the Standard Oil Company, an Indiana corporation.

From 1932 until December 30, 1960, when the two companies were merged, defendant was an affiliate of the Utah Oil Refining Company, which sold petroleum products throughout Utah, Idaho, Nevada, Washington, Oregon, and to some extent, Arizona.

By 1933, defendant increased its marketing territory for its trademarked products to include eleven additional east coast states. Subsequently, defendant's marketing area for its trademarked petroleum products gradually expanded to Texas, Kentucky, Alabama, Tennessee, Arkansas and Louisiana, and, for the sale of certain trademarked lubrication products to New Mexico, Arizona and California. Throughout its entire history, defendant has used its trade name and its trademark "American" in sales of large quantities of products including gasoline, kerosene, motor oil, and grease, and, from 1916 on, defendant has also extended its trademark "Amoco" to large quantities of gasoline, motor oil, grease, anti-freeze, automobile tires and tubes, batteries and battery equipment, fan belts, boiler burner units, cleaning solvents, oil filter cartridges, brake fluid, soaps, lighter fluid and many industrial petroleum products.

In September and October, 1953, defendant registered its trademark "American" in the United States Patent Office under the Trademark Act of 1946 (Lanham Act) for gasoline, kerosene, lubricating oil, soluble oil, lubricating greases and quenching oil. Defendant has duly filed affidavits pursuant to Sections 8 and 15 of the Trademark Act of 1946, 15 U.S.C.A. §§ 1058, 1065 in regard to these registrations. Defendant likewise registered the trademark "Amoco" on January 14, 1958, for gasoline, motor fuel, naphtha, lubricating oils and greases, flushing oil and heating oil. Defendant, for many years past also owned other registrations of the trademark "Amoco" for a wide variety of products under the Trademark Act of 1905.

In 1952, defendant formulated a plan and intent to expand the marketing territory for its trademarked products directly and by related company licensees, throughout the entire United States. In furtherance of this plan, defendant subsequently registered its trademarks in all of the states under applicable state trademark statutes, including Utah, where its trademarks "American" and "Amoco" were duly registered on February 19, 1953. Also, defendant subsequently qualified as a foreign corporation to transact business in all of the states, including Utah.

As early as 1932, and for a few years thereafter, defendant made sales of gasoline in drums under its "Amoco" trademark in Utah in connection with automobile speed test runs being conducted on the Bonneville Salt Flats. Beginning in 1953, defendant each year made a few sporadic sales in Utah of lubricating oils and greases in containers bearing its trademarks "Amoco" and "American" which it shipped by common carrier from points outside the state to purchasers within the state. Beginning in July, 1960, defendant's related company and licensee, Utah Oil Refining Company, throughout its five state marketing territory including Utah and Cache County, sold "American" fuel oils and motor oils at wholesale and retail.

Since 1953, defendant has advertised under its trade name and used its trademark "Amoco" in magazine and trade publications having substantial circulation in the State of Utah. Beginning in the fall of 1960, Utah Oil Refining Company advertised "American" heater and furnace oils in newspapers having circulation throughout the State of Utah and

in Cache County. Defendant and its trademarks have been given widespread publicity through the distribution by its related companies, Standard Oil Company (Indiana) and Utah Oil Refining Company, in their respective marketing territories, of credit cards and service station placards which prominently display defendant's trademarks and trade name. These companies, as well as defendant, have extended thousands of dollars of credit yearly to motorists presenting these credit cards. Standard Oil Company (Indiana) has from time to time provided its stockholders in Cache County and throughout Utah with reports and stockholder communications which contained information about defendant and its trademarks.

On July 7, 1960, Standard Oil Company (Indiana) publicly announced plans, subsequently put into effect, to reorganize its corporate structure. Its wholly-owned subsidiary, Utah Oil Refining Company, was to be merged into defendant. Standard Oil Company was to transfer to defendant all of its operating assets and, beginning December 30, 1960, defendant was to market and sell petroleum and automotive products in the 48 states of continental United States (including Utah) generally under its registered trademark "American." Announcement of this plan was carried in the Utah press and certain national trade publications. Early in 1961, defendant converted its marketing operations and the insignia of its retail outlets throughout Utah and in Cache County to conform to its plan of reorganization.

■ Since plaintiff and defendant were both engaged in the business of selling petroleum products in Cache County, Utah, some of which originated outside the State, to out-of-state motorists or to service stations located on principal interstate highways where said products were resold to out-of-state motorists, both plaintiff and defendant are engaged in "commerce which may lawfully be regulated by Congress." 15 U.S. C.A. § 1127; Pure Oil Co. v. Puritan Oil Company, 127 F.2d 6 (2nd Cir. 1942);

Steele v. Bulova Watch Co., 344 U.S. 280, 287, 73 S.Ct. 252, 97 L.Ed. 252 (1952); Pure Foods, Inc. v. Minute Maid Corp., 214 F.2d 792 (5th Cir. 1954); Dad's Root Beer Co. v. Doc's Beverages, Inc., 193 F.2d 77, 81 (2nd Cir. 1951); Lyon v. Quality Courts United, Inc., 249 F.2d 790, 795 (6th Cir. 1957). To the extent plaintiff's use was in local or intrastate commerce, it nevertheless would burden and obstruct the interstate trademark use of defendant.

■ The terms "American Oil Company" and "American," even if they originally had any geographical significance as used by plaintiff or defendant, are terms which are legally capable of acquiring a secondary meaning to denote the user as the source of origin of the products so sold and advertised and of becoming distinctive of such user's products. American Products Co. v. American Products Co., 42 F.2d 488 (E.D. Mich.1930); McCabe-Powers Auto Body Co. v. American Truck Equipment Company, 150 F.Supp. 194 (D.Or., 1957); American Brake Shoe & Foundry Co. v. Alltex Products Corp., 117 F.2d 983 (2nd Cir. 1941); American Automobile Ins. Co. v. American Auto Club, 184 F.2d 407 (9th Cir. 1950); Dennison Manufacturing Co. v. Thomas Manufacturing Co., 94 F. 651, 653 (C.C.Del.1899); American Radio Stores, Inc. v. American Radio & Television Stores Corp., 17 Del.Ch. 127, 150 A. 180 (1930); American Home Benefit Association, Inc. v. United American Benefit Association, Inc., 125 P.2d 1010 (Idaho 1942); American Oil Co. v. Norkus, 358 Pa. 407, 57 A.2d 868 (1948); cf., Indian Territory Oil & Gas Co. v. Indian Territory Illuminating Oil Co., 95 F.2d 711 (10th Cir. 1938); Atlantic Monthly Co. v. Frederick Ungar Publishing Co., Inc., 197 F.Supp. 524 (S.D.N.Y. 1961).

■ Defendant, The American Oil Company, and Utah Oil Refining Company and their common parent, Standard Oil Company (Indiana), were related companies as defined in the Trademark Act of 1946. 15 U.S.C.A. § 1127. Use of defendant's registered trademarks

"American" and "Amoco" by each of them inured to the benefit of the registrant thereof, the defendant The American Oil Company. 15 U.S.C.A. § 1055.

■ The acceptance in 1953 by the Commissioner of Patents of defendant's registrations of the trademark "American" on the Principal Register constitutes administrative decisions carrying a strong presumption of correctness that this trademark is valid and registrable by reason of having acquired a secondary meaning denoting source of origin in defendant of the products sold thereunder. It is owned by defendant. Defendant is entitled to be protected from the infringement of this trademark by plaintiff's use in commerce of the trade name "American Oil Company." 15 U.S.C.A. §§ 1052(f) and 1057(b). Aluminum Fabricating Co., etc. v. Season-All Window Corporation, 259 F.2d 314 (2d Cir. 1958).

By reason of affidavits duly filed by defendant on November 3, 1958, and November 8, 1958, respectively, pursuant to Sections 8 and 15 of the Trademark Act of 1946 defendant's registrations of the trademark "American" on the Principal Register have from those dates become incontestable (except on grounds which are nonexistent here) and afford defendant a conclusive presumption of the exclusive right to use said registered trademarks "American" in commerce on or in connection with the goods specified in the registrations. 15 U.S.C.A. §§ 1065 and 1115(b).

■ With the passage of the Trademark Act of 1946, and from its effective date, defendant's prior registration of "Amoco" under the Trademark Act of 1905 became constructive notice to plaintiff of defendant's claim to ownership thereof. Likewise, defendant's registration in 1953 of its trademark "American" on the Principal Register in the United States Patent Office constituted from that time on constructive notice to plaintiff of defendant's claim of ownership thereof. Plaintiff's subsequent use in commerce of the trade name "American Oil Company" constituted an infringement of said trademarks. 15 U.S.C.A. § 1072; Dawn Donut Company, Inc. v. Hart's Food Stores, Inc., 267 F.2d 358, 362 (2d Cir. 1959).

■ By reason of the fact that long before plaintiff's claimed uses, Utah was within the defendant's normal expansion territory for its use of the trade name "American Oil Company" and its trademarks "American" and "Amoco," defendant is entitled under the common law of Utah to the exclusive intrastate use throughout Utah of said trade name and trademarks, and to an injunction against plaintiff's use in Utah of the trade name "American Oil Company" to the extent plaintiff's use is, or may be, purely local in character which does not affect interstate commerce. Sweet Sixteen Co. v. Sweet "16" Shop, Inc., 15 F.2d 920 (8th Cir. 1926); White Tower System v. White Castle System of Eating Houses, 90 F.2d 67 (6th Cir. 1937).

■ By reason of the registration of the trademarks "American" and "Amoco" in Utah by defendant on February 19, 1953, and the sale by defendant of products under such trademarks within the State of Utah and Cache County prior to plaintiff's use, defendant is entitled, under the statutory law of Utah, to the exclusive intrastate use throughout the entire State of such trademarks and any other term similar thereto, including the trade name "American Oil Company," in connection with the sale of petroleum products described in the registrations. Utah Code Annotated, 1943, Secs. 95–1–2, 95–1–4, 95–1–6, and 95–1–7. Laws of Utah, 1955, Chapter 159, Sec. 22. See also Evans v. Shockley, 58 Cal.App. 427, 209 P. 42 (1922); A. B. C. Stores v. T. S. Richey & Co., 280 S.W. 177 (Tex. Com.App.1926).

■ Finally, plaintiff by filing the fictitious name affidavit on September 16, 1955, with the Clerk of Cache County, Utah, obtained no exclusive right to use the name "American Oil Company," but on the contrary such choice and use of the fictitious name were subject to the prior trade name and trademark rights

of defendant. Platt v. Locke, 11 Utah 2d 273, 358 P.2d 95 (1961).

Plaintiff's acts and conduct in using the trade name "American Oil Company" have damaged defendant. Plaintiff's continued use thereof will, unless restrained, further impair the value of the goodwill, business reputation and also sales of defendant's trademarked petroleum products. Accordingly, judgment and decree in favor of defendant have been entered.