The COCA-COLA COMPANY, a Corporation, Plaintiff,

v.

Harold PACE, and Margaret Pace, Individually, and as co-partners, d/b/a Tastee-Freeze, Defendant.

No. 1221.

United States District Court
W. D. Kentucky,
Bowling Green Division.

April 16, 1968.

Wyatt, Grafton, Sloss, Edgar A. Zingman, Louisville, Ky., and Julius R. Lunsford, Jr., Atlanta, Ga., for plaintiff.

Joseph R. Huddleston, Bowling Green, Ky., for defendant.

## MEMORANDUM

SWINFORD, District Judge.

The plaintiff, The Coca-Cola Company, a corporation, brought this action asking for an injunction against the defendants and all those acting by or through them to prevent them from passing off or substituting a soft drink of another's manufacture without explanation in response to calls for Coca-Cola or Coke, or doing any other acts likely to infringe the plaintiff's trade-marks "Coca-Cola" or "Coke", or doing any other acts of unfair competition against the plaintiff.

The complaint also asks for profits, attorneys' fees, costs and general relief.

The defendants by their answer attack the sufficiency of the complaint to state a cause of action, the jurisdiction of the Court, admit certain allegations of the complaint and specifically deny other allegations of the complaint. The defendants also plead that the name "Coke" or "coke" is now and has been generally used by the public as a descriptive or generic designation for soft drinks and cola drinks and that, therefore, the plaintiff has not acquired a right to the trademark "Coke" or "coke" because the term means and is used by the public to describe a class of drinks distinguished from the plaintiff's particular product.

The plaintiff filed a motion for summary judgment on its behalf and in support of the motion filed numerous affidavits and exhibits pertaining to the matters set forth in the pleadings. The defendants strenuously oppose the motion but file no counter affidavits and no exhibits with the exception of three newspaper clippings from the Park City Daily News, a newspaper of general circulation in the Bowling Green, Kentucky area.

■ The court is mindful of the settled rule of law that a motion for summary judgment must be construed in the light most favorable to the parties opposing the motion and that such party should be accorded all favorable inferences that may be deduced from the showing. Rogers v. Peabody Coal Company, 6 Cir., 342 F.2d 749, 751. The rule is well expressed by the appellate court of this circuit in the case of S. J. Groves and Sons Co. v. Ohio Turnpike Commission, 315 F.2d 235, cert. denied, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57. There the Court said:

"It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts, or whether an estoppel or a waiver of certain rights admitted to exist should be drawn from such facts. Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment."

In my judgment the instant case does not fall within this rule and is one where a motion for summary judgment should be sustained.

■ It is not clear on what basis the defendants raise the question of jurisdiction. This action is brought under the provisions of 15 U.S.C. §§ 1051–1127 (Lanham Trade-Mark Act of 1946); 28 U.S.C. § 1338(b); and 28 U.S.C. § 1332. The jurisdictional amount required by the last referred to code provision is clearly established by the allegations of the complaint. See opinion of this court in The Coca-Cola Company v. Charles Seligman et al, of May 2, 1938, on the Covington, Kentucky docket. The case is unreported.

There are but two questions to be determined. In the first place, the plea that the name "Coke" is a generic or descriptive designation of soft drinks and all cola drinks is not well taken. It is stated by affidavit and not denied that the trade-mark name "Coca-Cola" is registered in the United States Patent Office which is evidenced by certified copies of the letters of registration filed with the affidavit. The trade-mark "Coke" is registered in the United States Patent Office as shown by a certified copy of the registration. The trademarks, "Coca-Cola" and "Coke", are also registered in the State of Kentucky as shown by registrations attached to the affidavit. The affidavit also sets forth that "Coke" was registered by the plaintiff on August 14, 1945 in the United States Patent Office and the Affidavit of Use and Incontestability was filed in the Patent Office on March 30, 1954, the registration having been republished under the 1946 Act on March 15, 1949. This registration was renewed for 20 years from August 14, 1945, on May 4, 1965. "Coke" has also been registered by the plaintiff in each of the 50 states of the United States and all registrations are in full force and effect.

■ The defendants offer nothing by way of affidavit or exhibit or argument to support the claim that the term "Coke" has become generic and consequently carries no identity as the plaintiff's product protected by a registered trade-mark. I have examined the numerous cases that are available to me as set forth in the briefs of the respective parties and I can find nothing on which to conclude that the public, in using the word "Coke" in making a purchase of a soft drink, is not expressly intending to buy the plaintiff's product.

■ A registered trade-mark should be protected and courts should be slow to cancel items which have been made popular and in demand by wide advertising and usage, unless there is conclusive evidence that the special identity no longer exists. Coca-Cola Company v. Foods, Inc., D.C., 220 F.Supp. 101; Aluminum Fabricating Co. of Pittsburgh v. Season-All Window Corp., 2 Cir., 259 F.2d 314.

In considering the other contention of the defendants that there still remains a factual issue, the court concludes that the statements of the defendants substantiate the claims of the plaintiff that it was a common practice at their restaurant to substitute, on orders for "Coke" or "Coca-Cola," another drink without telling the customer that the drink served was not a "Coke" or "Coca-Cola". While the agents of the plaintiff, in their affidavits, establish that this practice prevailed to their knowledge from their own experiences on numerous occasions, such evidence is not necessarily accepted as conclusive and might possibly be rebutted except for the admissions on the part of the defendants and each of them. In this respect there is nothing at issue.

■ The suggestion that the plaintiff is guilty of laches by failing to tear down what may be considered as their equipment or advertisements, after knowing that substituted drinks were being sold, is without merit. The plaintiff was under no obligation to attempt to diminish by such method a deliberate misrepresentation to the public on the part of the defendants and their employees at this place of business.

■ An order sustaining the motion for summary judgment on the issue of the validity of the trade-mark, the infringement on the trade-mark and the unfair trade practices, is this day entered.

The issue of profits, liability for attorneys' fees and costs, is reserved for further consideration and, if necessary, for trial.