**HOWARD STORES CORPORATION**

v.

**HOWARD CLOTHING INC.**

**Civ. A. No. 13021.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 24, 1969.

Hoke Smith and J. Arthur Mozley, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for plaintiff.

Jones, Bird & Howell, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

This lawsuit involves a claim of trademark infringement and unfair competition filed by Plaintiff Howard Stores Corporation against Defendant Howard Clothing, Inc. Plaintiff seeks an injunction, accounting, damages and attorneys' fees. This court has jurisdiction under 28 U.S.C. §§ 1332 and 1338. The case is presently before the court on plaintiff's request for a permanent injunction.

Plaintiff Howard Stores Corporation is a New York corporation with its principal office and place of business in the State of New York. Plaintiff and its predecessors have operated men's clothing stores under the name "Howard" since 1924 when the first Howard Store was established in New York City. On November 9, 1955, plaintiff filed the name "Howard" for trademark registration with the United States Patent Office and on July 9, 1957, "Howard" was registered as the trademark owned by the plaintiff for men's and boys' suits, overcoats, top coats, sport coats, etc., in Class 39. The Commissioner of Patents has certified, and defendant in this case does not dispute, that plaintiff's Lanham Act trademark registration is valid. Furthermore, on February 21, 1942, the words "Howard Clothes" were registered as a trademark with the Secretary of State of the State of Georgia in Class 39 (clothing), pursuant to Georgia Code Ann. § 106–101 et seq. That trademark registration, with plaintiff as the owner, has been renewed until July 11, 1972.

From 1924 until the present time plaintiff has maintained a steady growth rate, continually expanding its territorial markets until today it operates approximately 150 retail clothing stores—including approximately 69 "Howard" stores—located from coast to coast in the United States. All of the Howard stores and many of the other stores operated by plaintiff advertise the trademark "Howard", and almost all of the stores sell articles of clothing which have the "Howard" trademark affixed thereto.

Plaintiff advertises the Howard trademark extensively in magazines, newspapers, and other media both locally in the areas in which it operates and on a nationwide basis. From 1962 through 1968 plaintiff spent $4,786,000 in advertising its trademark. As a result of this extensive advertising the "Howard" trademark is known to the consuming public throughout the United States in connection with plaintiff, and the consuming public identifies that trademark with plaintiff and with the goods manufactured and sold by plaintiff.

Pursuant to its policy of active expansion plaintiff in 1969 leased certain real estate on Broad Street, Atlanta, Georgia, for the purpose of opening in that city a

business under the name "Howard Clothes" for the sale of men's and boys' clothing. Since plaintiff entered into said lease plaintiff has committed $100,000 for renovation of its Atlanta Howard Store and has prepared to open the store in November, 1969.

Defendant Howard Clothing, Inc., is a Georgia corporation, incorporated in 1964, with its only place of business located at 103–105 Whitehall Street, Atlanta, Georgia. Defendant began operations at said place of business in 1964 under the name "Howard Clothing." Charles Howard McInvale is the name of defendant's owner and incorporator, and said business was named for him. Defendant engages in the retail sale of men's, women's and children's clothing, jewelry, and small appliances. In 1968 defendant had gross sales of approximately $280,000. Defendant advertises its name and goods on a local radio station, and from June 15, 1964, to July 31, 1969, defendant expended $23,855.43 for advertising. On August 11, 1969, defendant filed in Fulton County Superior Court an affidavit and registration to the effect that it was doing business under the tradename "Howard Clothing." Said document was filed pursuant to Georgia Code Ann. § 106–301.

Defendant's store at 103–105 Whitehall Street, Atlanta, Georgia, is located approximately six or seven blocks from the site of plaintiff's Howard store.

Plaintiff maintains "Howard" signs on the exterior of its stores and intends to use "Howard" signs on the exterior of its Atlanta Howard Store. In plaintiff's exterior store signs the trademark "Howard" is written in block letters in both vertical and horizontal fashion, i. e., "HOWARD" and

H
O
W
A
R
D

In defendant's exterior store signs the word "Howard" is written in the same fashion. A review of photographs of the exteriors of defendant's and plaintiff's stores reveals that defendant's exterior store signs are substantially identical in size, shape, style and color with plaintiff's exterior store signs.

Defendant has its own label, "Howard Atlanta", sewn in some of the clothes it sells. A comparison of defendant's "Howard Atlanta" label with plaintiff's "Howard Clothes" label reveals that both labels are written in block letters; that the word "Howard" is written above the second word in both labels; that in both labels the word "Howard" is written in block letters substantially larger than the second word ("Clothes" or "Atlanta"); and that both labels are substantially identical in terms of shape, size and color. The predominant word in both labels is "Howard."

Shortly after August 5, 1969, and subsequent to plaintiff's expansion of its business to Atlanta, Georgia, plaintiff received a letter from defendant, dated August 5, 1969, and reading as follows:

"This letter is to make you aware of a situation that could possibly lead to *much confusion and misunderstanding.* I am sure that you will be as anxious as I to prevent such an occurrence.

"I have reference to the signs advertising the opening of your new clothing store in Atlanta. The signs in your location on Broad Street would indicate that you intend to operate under the name Howard Clothes. This is to make you aware that I have been operating a clothing store several blocks away (103–105 Whitehall Street, S.W.) under the name of Howard Clothing since 1964.

"I am sure that *much confusion will arise in the mind of the public* if your store operated under the name of Howard Clothes. Please let me know if that is your intention, or if you will adopt a different trade name for use in Atlanta." (Emphasis added.)

Said letter was the first notice plaintiff had of defendant's business. After re-

ceiving said letter plaintiff promptly filed this lawsuit against defendant.

■ The court finds that plaintiff and defendant are in actual competition, that plaintiff was using the trademarks "Howard" and "Howard Clothes" in interstate commerce prior to defendant's incorporation and prior to defendant's use of said words, that in the mind of the public the trademarks "Howard" and "Howard Clothes" are associated with plaintiff and the goods plaintiff sells, and that defendant's use of the words "Howard", "Howard Clothing" and "Howard Clothes" in connection with the sale, advertising and distribution of its goods is likely to cause confusion and mistake in the mind of the public as to the source and origin of such goods.

The court further finds that plaintiff's business operations are nationwide in scope, that plaintiff has a long history of steady expansion of its business and trade areas, that plaintiff registered its trademark in Georgia in 1942, and that plaintiff's opening of its Howard Store in Atlanta, Georgia, constitutes natural, reasonable and foreseeable expansion of plaintiff's business.

■ The court concludes as a matter of law that plaintiff's Lanham Act trademark registration of "Howard" and its Georgia Trademark Act registration of "Howard Clothes" are valid and subsisting.

■ Under the "expansion area" principle of trademark protection, as enunciated in American Foods, Inc. v. Golden Flake, Inc., 312 F.2d 619 (5th Cir. 1963); John R. Thompson Co. v. Holloway, 366 F.2d 108 (5th Cir. 1966); Huber Baking Co. v. Stroehmann Brothers Co., 252 F.2d 945 (2d Cir. 1958); and Dawn Donut Co. v. Hart's Food Stores, Inc., 267 F.2d 358 (2d Cir. 1959), it is clear that the constructive notice provision of 15 U.S.C. § 1072 eliminates the defenses of good faith and lack of knowledge of a trademark registration, and that the holder of a trademark is entitled to protection in his actual trading areas and in all reasonable and natural future expansion areas. Thus, Howard Stores Corporation is entitled to the exclusive use of the trademarks "Howard" and "Howard Clothes" in Atlanta, Georgia, and defendant's prior use of the word "Howard" in plaintiff's expansion area (Atlanta) does not entitle defendant "either to exclude the plaintiff from using the mark in that area or to use the mark concurrently" with plaintiff. Dawn Donut, supra, at 362–363.

■ The mere fact that "Howard" is the middle name of defendant's owner and incorporator does not preclude injunctive relief in favor of plaintiff and does not give defendant license to infringe upon plaintiff's trademarks. (See John R. Thompson Co. v. Holloway, supra, 366 F.2d 108 at 113.) Moreover, defendant's filing of a fictitious name affidavit in Fulton County Superior Court on August 11, 1969, pursuant to Georgia Code Ann. § 106–301, did not create rights in the words "Howard" and "Howard Clothing" equal to or greater than plaintiff's previously existing trademark rights. Nielson v. American Oil Co., 203 F.Supp. 473, 477–478 (D.C.Utah 1962). Nor does the fact that the word "Howard" is a part of defendant's corporate name give defendant any right to infringe upon plaintiff's trademark in the advertising, sale and distribution of defendant's goods. Quality Courts United, Inc. v. Quality Courts, Inc., 140 F. Supp. 341, 349–350 (M.D.Pa.1956); Drexel Enterprises, Inc. v. Hermitage Cabinet Shop, Inc., 266 F.Supp. 532, 538 (N.D.Ga.1967).

■ The court finds that defendant's use of the words "Howard", "Howard Clothes", "Howard Clothing" and "Howard Atlanta" in the advertising, sale, and distribution of its goods has caused and is likely to cause confusion and mistake in the eyes of the public as to the source and origin of such goods. Such use therefore constitutes an infringement of plaintiff's trademarks and

rights in the words "Howard" and "Howard Clothes."

Accordingly, it is hereby ordered and adjudged that defendant, its agents, servants, employees and attorneys, and all those in active concert and participation with them, be and the same are hereby permanently enjoined from using in any way, either directly or indirectly, the words "Howard Clothes", "Howard Clothing" and "Howard Atlanta", or any other words confusingly similar to plaintiff's trademarks "Howard" and "Howard Clothes", in the advertising, sale or distribution of defendant's goods or in defendant's business.

It is further ordered that plaintiff's counsel shall have 15 days from the date of this order within which to submit affidavits regarding the amount of reasonable attorneys' fees that may be awarded.

It is further ordered that defendant show cause before this court on the 7th day of January, 1970, at 4:00 o'clock, P. M., why attorneys' fees and damages should not be awarded plaintiff and why an accounting should not be ordered.