### HOWARD STORES CORPORATION

v.

### HOWARD CLOTHING, INC.

Civ. A. No. 13021.

United States District Court, N. D. Georgia, Atlanta Division.

Feb. 12, 1970.

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for plaintiff.

Jones, Bird & Howell, Atlanta, Ga., for defendant.

### ORDER

EDENFIELD, District Judge.

On November 24, 1969, this court entered an order enjoining defendant from using in the advertising, sale or distribution of its goods the words "Howard Clothes" and any other words which are confusingly similar to plaintiff's trademark "Howard" and "Howard Clothes." 308 F.Supp. 70. The case is now before the court for a determination as to

whether plaintiff is entitled to an accounting for profits, damages, and attorneys' fees.

██ The parties concede that an award for attorneys' fees is not appropriate under the Lanham Act and must be ¬ade, if at all, on the basis of state law. The court finds, however, that defendant has not been guilty of bad faith or stubborn litigiousness, or of causing plaintiff unnecessary trouble and expense and is not entitled to recover attorneys' fees under Georgia law. Georgia Code Ann. § 20–1404.

██ Similarly, a review of the record reveals no evidence that defendant had actual notice of plaintiff's trademark registration prior to the filing of this suit and plaintiff clearly is not entitled to profits or damages under the Lanham Act. 15 U.S.C. § 1111. Furthermore, there is no evidence at all that plaintiff has suffered actual damages or lost profits.

For the foregoing reasons the court holds that the injunctive relief already awarded to plaintiff provided a complete and adequate remedy and plaintiff is not entitled to an accounting, to damages, or to attorneys' fees.

It is so ordered.